BENJAMIN BATES, Appellant, *v.* ISAAC WEST, Appellee.

### APPEAL FROM PIKE.

A discharge in bankruptcy under the Act of Congress, is a good defense to an action of covenant upon a warranty, which was not broken until after the certificate was granted.

THIS was an action of covenant instituted by the appellee against the appellant in the court below.

On the 24th day of March, 1838, Bates conveyed to West, lot 4, in block 9, in Jones & Purkitt's addition to Griggsville, for the consideration of one hundred and fifty dollars. The deed contained full covenants.

On the 5th day of March, 1856, West was evicted from the premises by title paramount to the title conveyed by Bates.

On the 6th day of March, 1856, this suit was commenced by West against Bates.

The breaches assigned, were that Bates had not warranted and defended the premises as he had covenanted to do.

The defendant in bar of the suit pleaded a discharge in bankruptcy, granted by the District Court of the United States for the District of Illinois, on the 24th day of March, A. D. 1843.

The facts were agreed upon before the court below, and an agreement that either party might assign error upon the judgment that might be rendered.

The cause was submitted to the court, WALKER, justice, presiding, which found the issue for the plaintiff below, and assessed his damages at three hundred and twenty-three dollars and eighty cents.

Defendant below brings the case to this court, and assigns for error:

1st. That the court erred in finding for plaintiff below.

2nd. Court erred in its assessment of damages.

HIGBEE & HAY, for Appellant.

J. GRIMSHAW, for Appellee.

CATON, C. J. The only question which we propose to con sider is, whether the covenant of warranty, which was not broken till after the certificate in bankrupcy, was discharged by that certificate.

Were this a new question, we should have no doubt how it should be decided. That statute declares that all " uncertain

or contingent demands against such bankrupt" shall be discharged by the certificate. No one who understands the broad meaning which the law gives to the word *demand*, can deny that it embraces all covenants of warranty, but in order to close the door against the argument of the inconvenience of proving up such demands as covenants which were not and might never be broken, Congress qualified it by the adjectives, uncertain and contingent. This covenant was both an uncertain and contingent demand, depending entirely upon the happening of a future event, which might never transpire. It comes precisely within the language of the Act of Congress, and admits of no argument in its support, and defies all argument against it. That the Act means what it says, is manifest from the fact that it enumerates several contingent and uncertain demands, evidently by way of example, to which are applicable, with equal force, all of the objections which are urged against this. Take for instance, holders of bottomry and respondentia bonds, and holders of policies of insurance. How can the holder of a policy of insurance prove up anything against the underwriter before a loss has happened, any more than the holder of a warranty for quiet enjoyment, before he has been disturbed? Others have attempted to explain how this was to be done under the law, and whether they have given the true mode or not, is a matter of perfect indifference now, as the question can never arise hereafter, and if it has ever been presented to any District Court heretofore in administering that law, we presume it was decided properly and satisfactorily.

But this question has been most satisfactorily settled by repeated decisions of other courts. Substantially the same question was settled the other way in *Wells* v. *Mace*, 17 Vermont R. 503, but that decision was reversed by the Supreme Court of the United States, in 7th Howard R. 172. In *Shelton* v. *Pease*, 10 Missouri R. 473, this precise question was presented to the Supreme Court of Missouri, and it was held that the covenant was discharged by the certificate in bankruptcy. And afterwards in the case of *Johnson* v. *Blowers*, 5 Barb. R. 686, the identical question came before the Supreme Court of New York, and the same rule was adopted.

The judgment of the Circuit Court must be reversed and the cause remanded.

*Judgment reversed.*