It was argued that, by section 22 of the bankrupt act (Rev. St. § 5077), no debt is provable which is procured for the purpose of influencing the proceedings in bankruptcy, because the creditor must swear that he has not procured it for that purpose; and that we ought to adopt the analogy in proceedings for composition, because those creditors only are to vote at the meeting whose debts are provable.

I have known very few cases, either under the bankrupt act or the law of Massachusetts, from which this form or oath was borrowed, which have touched this matter. I do not know what it means. I see nothing objectionable in itself in a person's buying a debt for the sake of influencing the proceedings, excepting it be in some such way as has been already referred to; that is, to vote for the bankrupt's interests, without regard to those of his creditors. I do not believe the oath has had the least effect upon the settlement of cases in bankruptcy, nor do I consider it to apply to resolutions for composition. That debts may be assigned pending the proceedings in bankruptcy, is settled; and it is taken for granted as applied to compositions in the English cases. This being so, I think some illegal motive should be shown, beyond the mere desire to defeat the composition upon the ground that it is not for the best interest of the creditors to accept it.

Motion to record resolution denied.

## Case No. 7,304.

### In re JEWETT.

[1 N. B. R. 491 (Quarto, 130); [1] 7 Am. Law Reg. (N. S.) 291; 15 Pittsb. Leg. J. (O. S.) 354.]

District Court, N. D. Illinois. 1868.

---

[1] [Reprinted from 1 N. B. R. 491 (Quarto, 130), by permission.]

DRUMMOND, District Judge. As there seems to be no joint fund or source of payment for the joint creditors, I think the decision of the register is right.

## Case No. 7,305.

### In re JEWETT et al.

[7 Biss. 242.] [1]

District Court, W. D. Wisconsin. Aug., 1876.

Warner & Spooner, for attaching creditors. Dewitt Davis and William F. Vilas, for petitioning creditors.

HOPKINS, District Judge. The alleged bankrupts filed denial of acts of bankruptcy, but raised no question as to the sufficiency of the number of creditors petitioning against them. Whereupon certain creditors who had attached within two months portions of the property of the alleged bankrupts, applied and obtained leave to intervene and deny that the petitioners constituted one-fourth in number or represented one-third in amount of the provable debts of the bankrupts. The bankrupts were thereupon ordered to file a list of their unsecured creditors, which they did, and one of them was examined in relation thereto before a register. From the list and examination it appears that the petitioners constitute the requisite number and amount unless the attaching creditors are to be counted among the list of unsecured credit-

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]