Verdict for the plaintiff.

---

RHODES (HOLY v.).  See Case No. 6,651.

RHODES (PERRY v.).  See Case No. 11,011.

RHODES (RANDALL v.).  See Case No. 11,556.

---

## Case No. 11,749.

### RHODES v. RIGG.

[1 Cranch, C. C. 87.] [1]

Circuit Court, District of Columbia.  April Term, 1802.

EVIDENCE—SUBSCRIBING WITNESS—AFFIDAVIT.

---

RHODES (UNITED STATES v.).  See Cases Nos. 16,151 and 16,152.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

RIBBANS (SPERRY v.).  See Case No. 13,238

---

## Case No. 11,750.

### In re RICE.

[9 N. B. R. 373; 21 Pittsb. Leg. J. 159.] [1]

District Court, W. D. Michigan.  1874.

BANKRUPTCY—PARTNERSHIP—JOINT CREDITORS—DIVIDENDS—INDIVIDUAL ESTATE.

1. A and B were partners in trade, and A sold out his interest to B, who agreed, in writing, to pay all the firm debts. He continued in trade and added to the stock of goods by purchase from time to time, and, some months after the dissolution, was adjudged a bankrupt. *Held*, that the joint creditors of A and B must share pro rata with the individual creditors of B, in the distribution of the bankrupt's estate.

[Cited in Re Hamilton, 1 Fed. 812; Re Lloyd, 22 Fed. 90; Re West, 39 Fed. 203.]

[Cited in Curtis v. Woodward, 58 Wis. 506, 17 N. W. 328.]

2. That the firm creditors can participate in a dividend without showing that they have exhausted the individual estate of A, the retiring partner.

[Cited in Warren v. Farmer, 100 Ind. 597.]

In bankruptcy.

WITHEY, District Judge. E. & G. Rice were co-partners in trade up to August, 1873, when Edwin Rice sold out to George, the bankrupt, the latter agreeing in writing to pay all the firm debts. George subsequently added to the stock of goods by purchase, and continued in trade till November, 1873, when he was adjudicated a bankrupt. His estate, in the hands of the assignee, consists now of the proceeds of goods formerly owned by the firm and of those purchased by George Rice since the dissolution of the co-partnership. The creditors of E. & G. Rice and of George Rice have respectively proved their claims, and now the former ask to share pro rata with the individual creditors; to this claim the latter object.

Register Burns has certified the fact, and the following questions, to the court: First. Can the joint creditors of E. & G. Rice share pro rata with the individual creditors of George Rice in the distribution of the bankrupt's estate? Second. Can the firm creditors participate in a dividend until they have shown that they have exhausted the individual estate of Edwin Rice?

The individual creditors say that the rights of the two classes of creditors are to be determined according to section thirty-six of the bankrupt law; or, should the case not come under the provisions of that section, the joint creditors must show that Edwin Rice is not solvent, before they can claim dividends from the bankrupt's estate.

The court is of opinion that section thirty-six has no application to the facts of this case; that section applies "when two or more

---

[1] [Reprinted from 9 N. B. R. 373, by permission. 21 Pittsb. Leg. J. 159, contains only a partial report.]

persons, who are partners in trade, shall be adjudged bankrupt" either on their own petition, or on the petition of one of them, or on the petition of any creditor of the partners. Then the proceeds of the joint stock go to the co-partnership creditors, and the proceeds of the separate estate of each partner go to pay his separate creditors. But suppose no estate of the firm should come to the hands of the assignee in a given case, and there were individual assets? Does it follow that the company creditors are to receive nothing except as there is a surplus after paying the separate creditors? It is not necessary to decide that question now, but I notice Circuit Judge Dillon intimates, in Re Downing [Case No. 4,044], that the firm creditors in such a case would be entitled to share the individual estate of the partners with the separate creditors, for he says that section thirty-six comes into operation only when there are firm assets; by which I understand that learned judge to imply that congress did not intend to change the rule in equity, viz.: where there is no joint estate and no solvent partner, all the creditors, joint and separate, shall share pro rata in the estate of the bankrupt partners. This construction commends itself to my judgment, as any other would work such manifest injustice to the joint creditors.

The sale and transfer by Edwin Rice to George Rice, of all his interest in the partnership property, was valid; from that time there has been no co-partnership estate, and therefore the firm creditors had a legal and equitable right to look to the separate estate of the individual partners for payment, as much so as had the individual creditors. George Rice was, at law, liable to respond to the co-partnership creditors to the full amount of their claims, (as was also Edwin Rice) and it would be difficult to give any good reason why, when George Rice was brought into bankruptcy, his estate should not respond to the claims of the co-partnership creditors, as well as to those of individual creditors. The bankrupt law takes from the co-partnership creditors no rights which they had at law to have their pay from the estate of the individuals of the firm, when there is no firm property. It would afford no defense at law against the firm creditors seizing George Rice's property that they have a remedy against Edwin, nor could individual creditors of George defeat the co-partnership creditors in equity, without showing that there was another fund to which they could resort for payment of their claims, as that Edwin was solvent. The court will not presume that Edwin Rice is solvent, and has property that can be reached by the joint creditors. His pecuniary responsibility is a matter of affirmative proof by the individual creditors who object to the company creditors sharing in dividend from the bankrupt's estate. If there was evidence to establish Edwin Rice's responsibility, it would

be equitable to turn the co-partnership creditors over to their remedy against Edwin Rice, if there were no other feature in the case indicating that such course would be a violation of their rights.

The other feature of this case is, that George Rice agreed in writing, at the time of purchasing Edwin's interest in the company property, that he would pay all debts of the firm. This promise is binding on the bankrupt, not only as between him and Edwin Rice, but the co-partnership creditors could have maintained suit against George Rice thereon, as it was for their benefit. The law seems to be well settled in this country that, "if one person makes a promise to another for the benefit of a third, the latter may maintain an action upon it, though the consideration did not move from him." 2 Greenl. Ev. § 100, and note; 1 Pars. Cont. (5th Ed.) 467, 468, and cases cited. Under that agreement, the company creditors have a right to look to the bankrupt's estate, as at law they could enforce it against him, and equity will not interpose to defeat that promise, made for their benefit. They are creditors of George Rice as much as if the promise was made directly to them; as much as if they had both company notes and the bankrupt's individual notes, and equity will not defeat, but enforce their rights, under such circumstances.

Both questions are answered in affirmative. The clerk will certify this opinion to Register Burns.

The following cases are referred to as bearing on the questions discussed: In re Byrne [Case No. 2,270]; In re Frear [Id. 5,074]; In re Jewett [Id. 7,304]; In re Montgomery [Id. 9,731]; In re Downing [Id. 4,044]; In re Goedde & Co. [Id. 5,500]; In re Knight [Id. 7,880]; [Tucker v. Oxley] 5 Cranch [9 U. S.] 34; 21 Conn. 41; 5 Serg. & R. 77; 20 N. Y. 268.