Curtis vs. Woodward.

## CURTIS vs. WOODWARD.

*October 23 — November 20, 1883.*

BANKRUPTCY: PARTNERSHIP.   *When firm debt provable against individual partner.*

A debt contracted by a firm was provable in bankruptcy against an individual partner if there was no partnership property or assets and the other partners, for a consideration paid to the creditor, had been discharged from liability. The discharge of such partner in bankruptcy operated, therefore (under sec. 5119, R. S. of U. S.), to release him from liability on such firm debt.

APPEAL from the Circuit Court for *Dane* County.

Action to recover one half of the amount due upon two several promissory notes for $500 each, made by the defendant and one Chittenden on the 18th of May, 1874. The facts are thus stated by Mr. Justice CASSODAY:

" It appears from the record, and is, in effect, found by the court, that on May 18, 1874, the firm of which one C. H. Chittenden and the defendant were the only members, in a firm transaction gave the plaintiff their two promissory notes, each for the amount of $500 with interest at ten per cent., payable at certain dates named; that on July 3, 1877, a creditor of the defendant filed a petition against him in bankruptcy, upon which he was duly adjudged a bankrupt, August 1, 1877; and thereupon the defendant filed in said bankruptcy proceedings his schedules of liabilities, including said copartnership indebtedness of the firm to the plaintiff, and also schedules of his property and assets; that on August 27, 1877, the plaintiff appeared in the bankrupt proceedings, and as such creditor filed a petition praying that the adjudication in bankruptcy against the defendant be vacated and set aside, and that the petition for such adjudication be dismissed as to the bankrupt and his estate, which was denied by that court; that on November 15, 1877, and

before the commencement of this action, the plaintiff, for a consideration paid by said Chittenden, less than one half the amount due on the notes, released the said Chittenden from his liability on the notes; that at the time of filing said petition in bankruptcy against the defendant, to wit, July 3, 1877, the said firm had no copartnership property or assets belonging to said firm; that the plaintiff, as such creditor, again appeared in said bankruptcy proceedings, and filed therein his objections and specifications in opposition to the discharge of the defendant from his debts and liabilities; that thereupon, and notwithstanding such objections and specifications, and his resistance to such discharge, it was, nevertheless, granted October 10, 1879; and that the certificate of discharge was set up as a defense in the action and produced in evidence on the trial. The court found, as a conclusion of law, that the defendant was thereby discharged from said indebtedness to the plaintiff, and that the action was barred by such discharge."

From the judgment entered in accordance with the findings the plaintiff appealed.

For the appellant there was a brief by *Sloan, Stevens & Morris*, and oral argument by *Mr. Sloan*.

A firm debt cannot be proved against the separate estate of a partner. Sec. 5121, R. S. of U. S.; *In re Noonan*, 3 Biss., 491; *Amsinck v. Bean*, 22 Wall., 395. The general rule that individual assets are first applied to individual debts and firm assets to firm debts is well settled, and is enforced in case of insolvency of the firm. *Payne v. Matthews*, 6 Paige, 19; *Wilder v. Keeler*, 3 id., 167; *McCulloh v. Dashiell*, 1 Har. & Gill, 96. And this rule was early applied in England to bankruptcy cases, in *Ex parte Cook*, 2 P. Wms., 500; *Ex parte Crowder*, 2 Vern., 706; and was restored and followed by Lord ROSSLYN, reversing Lord THURLOW's rule that the joint creditors could prove under a separate commission, in *Ex parte Elton*, 3 Ves. Jr., 242. To

the same point counsel also cited Story on Partnership, §§ 377, 378, 380; *Ex parte Chandler*, 9 Ves. Jr., 35; *Howe v. Lawrence*, 9 Cush., 559; *Somerset Potters Works v. Minot*, 10 id., 601; *In re Byrne*, 1 N. B. R., 468; *In re Little*, id., 341; *In re Grady*, 3 id., 229; *In re Noonan*, 10 id., 330; *Hudgins v. Lane*, 11 id., 462; *Corey v. Perry*, 67 Me., 140; *Poillon v. Lawrence*, 77 N. Y., 207; *Ex parte Peake*, 2 Rose, 54; *Ex parte Tuitt*, 16 Ves. Jr., 193; *Ex parte Janson*, 3 Madd., 229. Counsel argued from these authorities, that, inasmuch as the firm debt was not provable against respondent as an individual bankrupt, his discharge as such did not operate upon that firm debt.

For the respondent there was a brief by *Lewis, Lewis & Harding*, and oral argument by *Mr. H. M. Lewis*. They argued, *inter alia*, that the respondent's debt to the appellant was provable in the separate bankruptcy, and hence his discharge barred this action, citing, in addition to the cases cited in the opinion: *In re Knight*, 2 Biss., 518; *Crompton v. Conkling*, 15 N. B. R., 420; Bump on Bankr. (8th ed.), 63, 64, 81–83; *Emery v. Canal Nat. Bank*, 7 N. B. R., 217; *Sigsby v. Willis*, 3 Benedict, 371; Blumensteil's Bankr., 267–8, 549; *In re Lewis*, 8 N. B. R., 546; *In re Winkens*, 2 id., 349; *In re Little*, 1 id., 341; *In re Leland*, 5 id., 222; *In re McEwen*, 12 id., 11; *In re Collier*, id., 266; *In re Johnston*, 17 Fed. Rep., 71; *Hill v. Trainer*, 49 Wis., 537.

CASSODAY, J. The bankrupt act provided, in effect, that, with the exception of certain exempt property, the adjudication in bankruptcy, the appointment of the assignee, and the requisite assignment to him by the judge or register, should, by operation of law, vest the title to all the estate, real and personal, of the bankrupt in the assignee, with all his deeds, books, and papers relating thereto, and that such assignment should relate back to the commencement of the proceedings in bankruptcy. Sec. 5044, R. S. of U. S. So sweeping was

the act that all property conveyed by the bankrupt in fraud of his creditors; all rights in equity, choses in action, patent-rights, and copyrights; all debts due him, or any person for his use, and all liens and securities therefor; and all his rights of action for property or estate, real or personal, and for any cause of action which he had against any person arising from contract, or from the unlawful taking or detention or injury to his property, and all his rights of redeeming such property or estate, together with the like right, title, power, and authority to sell, manage, dispose of, sue for, and recover or defend the same, as the bankrupt might have had if no assignment had been made,— were, by virtue of such adjudication, appointment, and assignment, at once vested in such assignee. Sec. 5046. The assignee was, in addition, also given the like remedy to recover all the estate, debts, and effects of the debtor as he might have had if no decree in bankruptcy had been rendered and no assignment had been made (sec. 5047); and a certified copy of the assignment was made conclusive evidence of the title of the assignee to take, hold, sue for, and recover the property of the bankrupt. Sec. 5049. For these reasons it has been held, by an able judge in such matters, that the adjudication in bankruptcy of one of the partners dissolves the partnership, except for the purpose of closing their affairs, and that the assignee is tenant in common with the solvent partner of the joint stock. *Wilkins v. Davis*, 15 N. B. R., 64. It does not appear affirmatively from the record before us that such assignee was actually appointed, nor that such assignment was in fact made; but the certificate of discharge was made by the act conclusive evidence in favor of the bankrupt of the *fact* and the *regularity* of such discharge. Sec. 5119. We must therefore assume (nothing appearing to the contrary) not only that an assignee was properly appointed, and an assignment to him duly made, but that all proceedings upon which such discharge was based were regularly taken, and

the discharge properly granted. The bankrupt thus became divested and stripped of all his estate, property, and rights of property, and all actions and rights of action relating to property or rights of property, whether in law or in equity, which by operation of law were thus vested in his assignee in bankruptcy. This complete separation of the bankrupt from his former estate, property, rights of property and of action, seems to render the questions relating to the distribution of such estate, and the marshaling of such assets, immaterial to the question of his discharge.

The question here presented is whether the defendant, by virtue of the discharge, was released from the indebtedness in question to the plaintiff. The determination of that question depends upon the provisions of the bankrupt act. The certificate of discharge recited that the bankrupt had conformed to all the requirements of law in that behalf. The court thereby ordered that the bankrupt be forever discharged from all debts and claims which by said act were made provable against his estate, and which existed July 3, 1877, on which day the petition for adjudication was filed against him, excepting such debts, if any, as were by said act excepted from the operation of a discharge in bankruptcy. There is no claim that the plaintiff's debt was of such a nature that it was by the act expressly excepted from the operation of the discharge. In other words, there is no claim that the discharge was invalid by reason of any of the things mentioned in secs. 5110, 5112, 5113, 5116, 5117, R. S. of U. S. But the certificate did not purport to forever discharge the bankrupt from all his debts and liabilities, but only from all such "debts and claims" as were by said bankrupt act "made provable against his estate." This was substantially the provision of sec. 5119, R. S. of U. S., which, in effect, declared that "a discharge in bankruptcy, duly granted, shall . . . release the bankrupt from all debts, claims, liabilities, and demands which were or might have been proved

against his estate in bankruptcy." So the real question is, as stated by counsel for the appellant, in effect, whether this debt contracted by the firm might have been proved in bankruptcy against the bankrupt's estate.

In *Ex parte Taitt*, 16 Ves. Jr., 196, there was a petition by joint creditors to be admitted to prove their debts under a separate commission, and that the estate be divided as under a joint commission. The earlier English cases cited by counsel were there considered by Lord ELDON, who observed that "the rule adopted by Lord HARDWICKE was that the joint creditors should be permitted to prove for the purpose only of assenting to or dissenting from the certificate, *and going upon the surplus, if any, after satisfaction of the separate creditors;* but, if they wished to have a distribution of the joint estate, they should be put to file a bill and wind up the whole,— the proportions belonging to the bankrupt being part of his separate estate. That was followed without interruption for half a century, and until it was disturbed by Lord THURLOW. . . . Lord ROSSLYN afterwards restored the old rule (in *Ex parte Elton*, 3 Ves. Jr., 238), but with this peculiarity: *permitting the joint creditors to prove if there were no joint effects*, and stating that the account of the joint estate should be taken in the bankruptcy." To that rule thus stated the very cautious chancellor gave his entire sanction by declaring that it was "right." This same test of the existence or non-existence of partnership assets seemed to prevail in the later English cases cited by counsel. *Ex parte Peake*, 2 Rose, 54; *Ex parte Jackson*, 3 Madd., 231. In the same year, and a few months earlier, that opinion of Lord ROSSLYN also received the sanction of the supreme court of the United States in *Tucker v. Oxley*, 5 Cranch, 34, where Chief Justice MARSHALL said: "In conformity with the uniform exposition of the act, he (the lord chancellor) permitted the partnership creditor to prove his debt before the commissioners of the (individual) bankrupt,

and directed the dividend to be allotted to him out of the separate fund, and then, without the expense of a bill, exercising his equitable powers, he suspended the payment of this dividend until it should be ascertained how much of it a court of equity would permit the creditor to receive. This does not negative, but affirms, the legal right of a *partnership creditor to come on the separate fund.*" In that case, Henry and Thomas Moore, as partners, contracted a debt with the Tuckers. After their dissolution the partnership fund passed to Thomas, who continued the business alone, and the Tuckers became indebted to him personally. Thereupon Thomas became a bankrupt, and the question between his assignee and the Tuckers was whether the debt which the old firm owed the Tuckers could be set off against the debt which the Tuckers owed Thomas, and the court held that it could. These facts would seem to bring the case within the principle of the English rule, for, as Thomas had acquired all the partnership property, there was no more reason for rejecting proof of partnership debts against his estate than there would have been if there had been no partnership property. The eminent chief justice did not, however, put his opinion upon that ground, but did mention the fact. But the court distinctly held that the debt of the old firm was provable against the estate of the bankrupt, and in that conclusion the court seemed to lay stress upon the fact that the proviso of the act prevented the bankrupt's discharge from releasing the other partner. That case, though distinguished, is not disapproved in *Gray v. Rollo*, 18 Wall., 635.

In *Wilkins v. Davis, supra,* Judge Lowell observed: "That a joint creditor can prove under a separate bankruptcy, though not to compete in the separate assets, is fully admitted in the United States. The early case of *Tucker v. Oxley* went beyond this, and has been modified; but the general proposition laid down by the court, that such a debt

is provable, has never been impugned." Sec. 5118 of our bankrupt act also prevented the discharge of one partner operating as a discharge of the other partner. So it provided that all debts due and payable from the bankrupt at the time of the commencement of proceedings in bankruptcy, and all debts then existing, but not payable until a future day, might be proved against his estate. Sec. 5067, R. S. of U. S. So a variety of contingent debts and liabilities were made provable against the estate of the bankrupt under secs. 5068, 5069, 5070. *Davis v. McCurdy*, 50 Wis., 569.

The adjudications of bankrupt courts as to provable debts and the marshaling of assets have not always been harmonious. In *In re Frear*, 1 N. B. R., 665, it was held by Judge BLATCHFORD that copartnership debts were provable against an individual bankrupt whether there were any partnership assets or not, at the same time indicating that the only difference it made was in the distribution of the assets. In *In re Jewett*, id., 491, like *Tucker v. Oxley, supra*, a partnership debt was proved against the individual bankrupt who had previously bought out the other member of the firm. There was no evidence of the solvency of the other partner, nor that there were any partnership assets, and it was held by Judge DRUMMOND that the partnership creditors were entitled to be paid *pari passu* with individual creditors. To the same effect was *In re Downing*, 3 N. B. R., 748, per DILLON, J.; *In re Rice*, 9 N. B. R., 373. In *In re Abbe*, 2 N. B. R., 75, it was held by FIELD, J., that "where a member of a late copartnership files his individual petition under the bankrupt act, and inserts in his schedules debts contracted by said copartnership, *and there are no copartnership assets to be administered*, he will be entitled to be discharged from all his debts, individual as well as copartnership;" and that it was unnecessary in such case to make the other partners parties to the proceedings. To the same effect was *In re Bidwell*, 2 N. B. R., 229. In *In re Melick*,

4 N. B. R., 99, it was held by Nixon, J., that a partnership creditor had such an interest in the separate property of any one of the partners that he might proceed against one alone and force him into bankruptcy.

In *In re Knight*, 8 N. B. R., 436, Drummond, J., reviews the Massachusetts cases cited by counsel, and holds that "where there are partnership and individual debts, *and there are no partnership assets* and no solvent partner, the debts of the firm and of the individual member can be proved [against the individual bankrupt], and the estate is to be distributed *pari passu* among the creditors." In so deciding he disclaimed trenching in any degree upon the rule that in the case of a partnership joint property should go to pay the joint debts, and the separate property to pay the separate debts. In *Wilkins v. Davis, supra*, Judge Lowell ably reviews the English and American cases, and holds "that if one member of a firm becomes bankrupt and obtains his discharge, he is released from all his debts, joint and separate."

Undoubtedly there are decisions to the contrary of some of these cited, but it is believed that they are mostly where it appeared affirmatively that there were partnership assets or business still existing, or where the bankrupt's petition made no reference to firm debts or firm assets, or did not ask to be relieved from such debts. These cases appear in briefs of counsel, and will be preserved for reference.

It is true that sec. 5121 makes express provisions for bankruptcy proceedings in case of partnerships, and expressly authorizes all the creditors of the company, and the separate creditors of each partner, to prove their respective debts therein, and then affirms the equitable rule of distribution. It is equally true that the act makes no express provision for the proof of partnership debts against individual bankrupts. But we are also to remember, as observed by Mr. Justice Bradley in *Gray v. Rollo, supra*, that "the joint debtors are

severally liable *in solido* for the whole debt," and hence there is no reason why a firm debt should not be proved against an individual bankrupt, but at the same time no discharge should be granted against such debts while there are outstanding and unadministered assets of the firm. Here it was expressly found that there was no partnership property or assets, and that while the plaintiff's debt was still provable, he, for value received from the other partner, released him from all liability on the notes in question. Upon such release being made, the plaintiff had no claim left against the firm, or the other partner, and, as there was no partnership property or assets to be administered, there was no reason why the plaintiff could not prove his debt against the bankrupt and take his distributive share of the estate. In fact that was the only remedy he had left.

*By the Court.*— The judgment of the circuit court is affirmed.