## *In re* WEST *et al.*

*(District Court, S. D. New York.  June 22, 1889.)*

BANKRUPTCY—DISTRIBUTION—PARTNERSHIP—FIRM AND PRIVATE CREDITORS.

The bankruptcy act of 1841 provides that the "net proceeds of the joint stock shall be appropriated to pay the creditors of the company, and the net proceeds of the separate estate to pay the separate creditors." *Held* that, as partnership debts are both joint and several, there is no marshaling of assets unless there is a joint as well as a several fund before the court.

In Bankruptcy.

*George Bell,* for Sayre, a firm creditor.
*Evarts, Choate & Beaman,* for Union Bank, a firm creditor.
*Phillip Carpenter,* for individual creditors.

BROWN, J.  On March 30, 1843, Jesse West and Noah C. Pratt, composing the firm of Jesse West & Co., were adjudicated bankrupts in this district as individuals and as a firm.  Four creditors proved claims, two against the firm and two against Jesse West individually.  The act of 1841 required moneys received by the assignee to be paid into the registry.  On April 12, 1845, the assignee, accordingly, paid into the registry $350 on account of the estate of Jesse West, and on September 17th $400 more.  No other moneys have ever been paid into the registry on account of the estate.  There were nominal assets of the firm to the amount of $13,000.  Two orders were obtained in behalf of the assignee for leave to sell certain assets of the firm.  In one of those applications a receipt of $25.62 is recited.  It is scarcely possible, however, that the fees and expenses chargeable against the firm estate should not have exceeded that sum, and as there is no evidence that any other firm assets were ever received, although full opportunity has been given upon the reference before the commissioner to ascertain the facts, it must be assumed that there are no "net proceeds" of the firm estate. The act of 1841 provides that the "net proceeds of the joint stock shall be appropriated to pay the creditors of the company, and the net proceeds of the separate estate to pay the separate creditors." Section 5121, Rev. St.  Section 36 of the act of March. 1867, is to the same effect.  Partnership liabilities are both joint and several.  The construction placed upon the above provisions of both bankrupt acts, and of the words "net proceeds," by the great weight of authority, has therefore been, that if there are no net proceeds of the joint estate for distribution, the joint and several creditors may share *pari passu* in the individual estate.  *In re Jewett,* 1 N. B. R. 491; *In re Downing,* 3 N. B. R. 748; *In re Rice,* 9 N. B. R. 373; *In re McEwen,* 12 N. B. R. 11; *In re Collier,* Id. 266.  It is only when there are two funds to be administered (a joint fund and a separate one) that the joint debts are excluded from the separate estate.  In the present case, although there is evidence that there were nominal joint assets, and an expectation of receiving some joint proceeds, the evidence does not go beyond this, save the

small sum above stated. The fact that the assignee paid into the registry moneys received on individual account, and that no moneys were paid into the registry on the firm account, in the absence of all evidence of any receipt of joint funds beyond the small sum above referred to, must be taken as *prima facie* evidence that no "net proceeds" were ever received from the joint estate, and that no joint fund is, or ever was, available to the firm creditors. The weight of authorities is to the effect that in order to exclude the firm creditors, an available joint fund must be affirmatively shown to exist. As the new firm, moreover, assumed the debts of the old firm, the claim of the Union Bank stands on the same footing as the original debts of the new firm. *In re Downing*, *supra*. The report of the commissioner is confirmed, admitting all the creditors to share *pari passu* in the separate estate.