F. M. LOOMIS v. CHARLES WALLBLOM and Another.[1]

April 7, 1905.

Nos. 14,094—(191).

**Bankruptcy—Discharge of Partner.**

A full discharge of individual liability of one partner on a firm debt may be had in bankruptcy proceedings concerning that partner only.

**Defense to Action on Judgment.**

Such discharge is a good defense in an action brought against two partners to renew a judgment on a partnership debt, the process in which action was served only on the partner who had been duly discharged in bankruptcy proceedings, where it appeared that many years before the parties had dissolved the firm, and the firm had, to the actual knowledge of the judgment creditor, made an assignment of all unexempt firm and individual property under a state insolvency law, and where it did not affirmatively appear that any firm assets now exist, and where it appeared that the claim was properly scheduled, and notice thereof was duly given.

**Filing of Claim.**

*Held,* that the claim was duly scheduled on the facts here presented.

Action in the district court for Ramsey county against defendants Charles Wallblom and John Thorsell, as partners as Wallblom & Thorsell to recover $263.76, and interest, upon a judgment. Defendant Wallblom was alone served with summons and alone appeared and answered, pleading in bar a discharge in bankruptcy. The case was tried before Kelly, J., who found in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*James E. Trask,* for appellant.

*Otto Kueffner,* for respondent.

1 Reported in 102 N. W. 1114.

JAGGARD, J.

On November 27, 1893, defendants, partners doing business as Wall-blom & Thorsell, executed a deed of assignment under the state insolvency law, both as individuals and as partners, of all their unexempt property, which was filed in the district court of Ramsey county. The National Wall Paper Company filed and proved its claim in the assignment matter, but did not file a release, and received no dividend. In March, 1895, it brought an action against Charles Wallblom and John Thorsell, as copartners doing business as Wallblom & Thorsell, in the district court of Ramsey county, alleging in its complaint the sale of goods of the value of $254.77, and default in payment. There was no allegation that the goods were sold to the firm or purchased for partnership purposes. Default was made, and judgment entered on April 9, 1895, against "Charles Wallblom and John Thorsell, as copartners doing business as Wallblom & Thorsell, and each of them." On August 4, 1898, Charles Wallblom filed his individual petition in bankruptcy, and was on August 5 adjudged a bankrupt. The claim of the National Wall Paper Company was listed as follows: "National Wall Paper Co., Chicago, Ill. $254.77. Consideration, goods bought." On December 19, 1898, Charles Wallblom was discharged from all his debts. This plaintiff, as assignee of said judgment, thereafter brought this action to renew the judgment hereinbefore set forth. Defendant Wallblom answered, setting up his discharge in bankruptcy as a defense. The reply does not deny actual notice of the bankruptcy proceedings on the part of the National Wall Paper Company, but denies that notice was given to the partnership creditors. It does not appear that defendant John Thorsell was served or appeared in the proceeding. Upon the trial it was admitted that copartnership of Wallblom & Thorsell ceased to do business in 1893, and that the partnership was dissolved so far as it could be done by the acts of the partners. The debt here sued upon was not paid or discharged. The court found that notice had been given to all creditors whose claims were scheduled, and ordered judgment in favor of Wallblom upon the merits. From an order denying plaintiff's motion for a new trial, this appeal was duly taken.

Plaintiff's assignments of error involve the determination of this question, namely: Did the court err in holding as a proposition of law

that the individual discharge in bankruptcy of Wallblom released him from the claim here sued upon?

1. The answer to that question depends, in the first place, upon a construction of the bankruptcy act.    The certificate of discharge recited that the bankrupt had conformed to all the requirements of law in that behalf.    The court thereby decreed that the bankrupt be

> Forever discharged from all debts and claims which by said act are made provable against his estate, and which existed on the 4th day of August, 1898, on which day the petition for adjudication was filed by him, excepting such debts, if any, as are by said act excepted from the operation of a discharge in bankruptcy.

There is no claim that the discharge was invalid by reason of any of the things mentioned in chapter 3, §§ 14 and 15, of the bankruptcy act of July 1, 1898, c. 541, 30 St. 550 [U. S. Comp. St. 1901, 3427, 3428].    The discharge did not purport to forever release the bankrupt from all his debts and liabilities, but only from all such "debts and claims" as were by said bankruptcy act "made provable against his estate."    That the debt was one which might have been proved in bankruptcy proceedings against the estate of the individual partner is evident from the whole tenor of the law, and especially from c. 1, § 1, 30 St. 544 [U. S. Comp. St. 1901, 3418], chapter 3, §§ 4, 5, of that law, 30 St. 547 [U. S. Comp. St. 1901, 3423, 3424].    See also section 16, 30 St. 550 [U. S. Comp. St. 1901, 3428].    Indeed, subdivision "g" of said section 5 expressly provides that

> The court may permit the proof of the claim of the partnership estate against the individual estates and vice versa and may marshal the assets of the partnership estate and individual estates so as to prevent preferences and secure the equitable distribution of the property of the several estates.

The history and present status of this case differentiate it from any authority to which our attention has been called, or which a careful search has enabled us to find.    Collier, Bankr. (5th Ed.) § 5a, p. 74. The partnership ceased to do business, and had been dissolved so far as the parties could dissolve it, in 1893.    Moreover, in that year, by

general assignment under the state insolvency law, the partners conveyed all their unexempt individual and firm assets to an assignee. The plaintiff has not made it appear that any such firm assets now exist. This court will not presume that they do. This case therefore does not involve any question of marshaling assets, nor of the right of the plaintiff against the firm assets or the other partner. Defendant Wallblom alone appears to have been served with summons in this action. The question here presented to this court affects the judgment against him alone. It is also to be borne in mind that this is not an objection to the entry of a decree of discharge, but only to the right of plaintiff to renew or extend this judgment.

The entry of the judgment materially affected the nature of the claim on which it was based, so far as these proceedings are concerned. It might be that in certain contingencies this court would examine that judgment for the purpose of ascertaining what the original contract was. Such a proposition is, however, academical in this case. When the judgment was entered it became a lien on any unexempt real estate within the county where the judgment was docketed which belonged to the defendant and respondent Wallblom, and the creditor became entitled to appropriate new rights and remedies against him in consequence. So far as this case involves that judgment, the original cause of action was merged therein. In McKittrick v. Cahoon, 89 Minn. 383, 95 N. W. 223, this court held that where, by an order in bastardy proceedings, the putative father of a natural child was required to pay a monthly stipend for its support, and upon refusal a final money judgment was obtained for the total amount due, the rights of the person entitled to recover under the order of filiation were merged in the judgment, and the debt evidenced thereby was not excepted from the operation of the bankruptcy act of 1898, § 17, although the claim on which the judgment was based, standing by itself, would not have been discharged.

Such a judgment as the one here sought to be extended, filed in the bankruptcy proceedings, might, under appropriate conditions, have been paid in full or in part by the application thereto of the whole or a proper part of the funds in the hands of the respondent's trustee in separate bankruptcy proceedings. Its full discharge as an individual liability on a firm debt may accordingly be had in bankruptcy proceed-

ings. Jarecki Mnfg. Co. v. McElwaine, 107 Fed. 249; Curtis v. Woodward, 58 Wis. 499, 17 N. W. 328. Collier in his note to In re Freund, 1 Am. Bankr. Rep. p. 31, says: "Both on principle and by the weight of authority it would seem to be law that a discharge granted to one member of the firm releases him from all his provable debts and liabilities, both from those incurred individually and from those incurred as a member of the partnership. The few cases which held to the contrary under the former act seem to have been based upon a misconception of the extent of the rights of an assignee in the bankrupt's property, and as to the effect upon the firm of the bankruptcy of one member."

In Re Meyers (D. C.) 96 Fed. 408, relied upon by plaintiff, upon an objection to discharge on the ground of fraud, there were independent and merely individual proceedings by the two partners. The petition asked for discharge of both individual and partnership debts. Brown, J., said (page 411): "No adjudication of the firm as a bankrupt is asked, nor could such an adjudication be made without a formal application therefor, and the presence of both partners in the same proceedings. Where there are absolutely no firm assets, separate proceedings may be valid, and a discharge of each partner separately may possibly be had, because the firm debts are several as well as joint." Plaintiff also relies largely upon In re Mercur, 122 Fed. 384, 58 C. C. A. 472. That case involves an obviously different state of facts, and is in its reasoning not of necessity entirely inconsistent with the rule here applied.

In the early history of partnership law, the courts fell into the habit of speaking of a partnership as "a separate entity." The inaccuracy and impropriety of such nomenclature was so clearly and repeatedly demonstrated as to lead to its substantial abandonment. Recent decisions on the marshaling of assets under the present bankruptcy law have led to the undesirable resurrection of the phrase. Its misleading and ambiguous character is well illustrated by the subtleties of appellant's brief, and by his use of it as a justification for a fallacious conclusion derived by unwarranted deductions from a fiction of law. His argument commands admiration for its ingenuity and industry, but compels the conviction that its result would be a plain perversion of the letter and purposes of the bankruptcy law. The learned trial

court properly held that the discharge in bankruptcy operated as a full defense.

2. The most serious question in this case is this: Was the indebtedness properly scheduled, so as to give notice to the plaintiff's assignor? This question must also be answered in the affirmative. In the schedule, the name of the original debtor, the nature and the amount of the original debt, are correctly stated. The evidence shows that respondent owed the creditor no other debt. Notice was properly given.

Order affirmed.