No. 85-242

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

DECKER COAL COMPANY,

        Plaintiff,

   -vs-

COMMONWEALTH EDISON COMPANY,

        Defendant.

_____

ORIGINAL PROCEEDING:

COUNSEL OF RECORD:

    For Plaintiff:

        Crowley Law Firm; Jack Ramirez argued, Billings,
        Montana
        Dykema, Gossett, Spencer, Goodnow & Trigg; Donald S.
        Young, Derek I. Meier, Jeffrey M. Lipshaw, Daniel J.
        Stephenson, Detroit, Michigan
        George F. Heiden, Omaha, Nebraska

    For Defendant:

        Hooks & Budewitz; Patrick J. Hooks argued, Townsend,
        Montana
        Isham, Lincoln & Beale; Donald J. McLachlan, James A.
        Fletcher, Michael J. Gill, James K. Meguerian,
        Chicago, Illinois

_____

        Submitted: December 5, 1985

           Decided: February 20, 1986

Filed: FEB 2  1986

_____
            Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This case is before the Montana Supreme Court pursuant to a certification by the United States Court of Appeals for the Ninth Circuit. Plaintiff Decker Coal Company ("Decker") brought suit against defendant Commonwealth Edison Company ("Edison") in the United States District Court for the District of Montana. Edison moved to dismiss the complaint, asserting, among other things, that Decker lacked the capacity to sue in its own name. The Distict Court held that Decker does have the capacity to sue in its own name, and Edison appealed. The Ninth Circuit viewed the capacity question as important to the resolution of this dispute and certified the issue to this Court.

For the reasons discussed below, we find that under Montana law Decker has the capacitiy to maintain a suit against Edison in its own name and consequently we answer the certified question presented by the Ninth Circuit in the affirmative.

Decker Coal Company is a joint venture between Wytana, Inc., a Delaware corporation, and Western Minerals, Inc., an Oregon corporation. It is engaged in the surface mining of low sulphur coal and operates its plant in Decker, Montana. Commonwealth Edison Company is an Illinois corporation. In 1974, Decker Coal and Edison entered a long-term contract under which Decker agreed to supply coal to Edison in quantities between minimum and maximum tonnages from 1978 to 1997.

Article XI of the contract contained a force majeure provision which allowed performance to be deferred or excused upon certain events. The contract called for delivery F.O.B.

2

the Montana mine. The coal would then be shipped via railroad to Edison plants in Illinois and Indiana.

Edison invoked the force majeure provision to defer or terminate coal purchase obligations in May, June and July, 1983. Edison claimed that structural damage to its plant in Illinois and a cracked turbine rotor at its Indiana plant justified invocation of the force majeure provision.

On January 4, 1984, Decker filed a complaint in the United States District Court for the District of Montana seeking a declaration that the problems at the Edison plant did not qualify as force majeure events. Decker also sought damages for breach of contract, claiming that Edison failed to take sufficient measures to prevent damage to its generating plants thereby breaching an alleged contractual duty to mitigate damages.

Several days later, Edison filed an action in the Northern District of Illinois seeking a declaration that it properly invoked the force majeure provision of the contract.

On February 3, Decker filed a motion in the Montana action to enjoin further prosecution of the Illinois case. On February 8, Edison filed a motion to dismiss the Montana complaint on the grounds that: (1) Decker lacked capacity to maintain the action in its own name; (2) the District Court did not have personal jurisdiction over Edison; and (3) the District of Montana was an improper venue. Edison also sought transfer of the case to the Northern District of Illinois.

The Montana District Court, Chief Judge Battin, ruled that jurisdiction was properly asserted, that venue was proper in Montana because the alleged contract breach occurred in Montana, and that Decker had the capacity to sue

3

as a partnership entity under Montana law. The motion to transfer was denied, and the motion to enjoin the Illinois proceeding was granted.

Edison appealed from the Montana District Court's order to the United States Court of Appeals for the Ninth Circuit. On appeal, Edison raised the issues of capacity, jurisdiction, and venue. Following full briefing and oral argument, the Ninth Circuit determined that the capacity issue, which is governed by Montana law, may be dispositive of this case. Accordingly, by an order dated March 21, 1985, it has certified the following question to this Court:

> Does Decker Coal Company, as a joint venture between two out-of-state corporations, have capacity to bring suit as a plaintiff against a corporation under Montana law?

Both Decker and Edison agree that under Montana law, Decker's capacity to maintain its Federal Court action is governed by statute. Rule 17(b) of the Federal Rules of Civil Procedure provides that the capacity of a party (other than an individual or a corporation) to sue "shall be determined by the law of the state in which the District Court is held." Thus, Montana law governs the question of Decker's capacity to bring suit against Edison in the Montana District Court. If Decker lacks capacity to maintain suit in the state courts of Montana, it likewise lacks capacity to sue in Montana Federal Court.

Under Montana law, Rule 17(b) of the Montana Rules of Civil Procedure governs capacity to sue in Montana courts. Montana Rule 17(b) provides that "[t]he capacity of persons to sue and be sued shall be determined by appropriate statutory provisions." Thus, both parties agree, Montana Rule 17(b) is entirely dispositive of the question before

4

this Court. Therefore, early Montana cases which disputably held that a partnership does not have the capacity to maintain a suit in its own name are of little value. See Gardiner v. Eclipse Grocery Company (1925), 72 Mont. 540, 234 P. 490; Wilson v. Yegen Bros. (1909), 38 Mont. 504, 100 P. 613. It should also be noted that under Montana law a joint venture (such as Decker) is treated like a partnership. Murphy v. Redland (1978), 178 Mont. 296, 583 P.2d 1049.

In light of the above discussion, this Court is essentially being asked to interpret Rule 17(b) of the Montana Rules of Civil Procedure. Edison argues we must strictly interpret this rule. In other words, that in the absence of express statutory authorization, no person has the capacity to file a lawsuit in Montana. And, Edison argues, there is simply no statutory provision granting a partnership (or joint venture) the capacity to sue in its own name in Montana courts.

Decker, on the other hand, argues Rule 17(b) should be interpreted liberally. Decker argues Rule 17(b) does not say that no person has capacity to sue unless and until there is a statute passed that expressly grants such capacity. The rule merely says that in determining whether someone has the capacity to sue, this Court should look at the statutes of Montana. There is no statute in Montana that expressly denies partnerships the capacity to sue, just as there is no statute expressly granting the capacity to sue. Therefore, Decker argues, this Court must determine on the basis of existing statutes whether the Montana Legislature intended that partnerships be treated as separate entities distinct from their partners. If so, then Decker should have the

capacity to sue. We agree with Decker's interpretation of Rule 17(b).

First, Decker directs this Court's attention to the Uniform Partnership Act (UPA), adopted by Montana in 1947, § 35-10-101 et. seq., MCA. Although Decker submits the UPA does not expressly deal with the question of a partnership's capacity to sue, Decker argues the UPA does show the modern tendency to treat a partnership as a legal entity distinct from and independent of the individuals composing it. For example, under § 35-10-301, MCA, a partnership may own property in its own name. Also, under § 35-10-301(3)(e), MCA, a partnership may own a "claim" against third persons. The Minnesota Supreme Court, in Gleason v. Sing (Minn. 1941), 297 N.W. 720, described the changes brought about by the UPA:

> While a copartnership at common law was not considered a distinct entity from the partners composing it, the modern tendency is the other way, i.e., to treat a partnership as an entity distinct from and independent of the individuals composing it. 20 R.C.L. p. 804, §6, and cases under note 16. That notion has grown in popularity and has been confirmed in many situations so as to be recognized as "the oneness of any somewhat permanently combined group without the aid of law." ID. p. 805. The uniform partnership act, 2 Mason Minn. St. 1927, §7384-7428, has wrought decided changes in the common law conception of such organizations, as was pointed out in Windom Nat. Bank v. Klein, 191 Minn. 447, 254 N.W. 602. There is a tendency to treat a partnership as an entity under our bankruptcy act. Cf. Loomis v. Wallblom, 94 Minn. 392, 396, 102 N.W. 1114, 69 L.R.A. 771, 3 Ann.Cas. 798; Angell v. White Eagle O. & R. Co., 169 Minn. 183, 210 N.W. 1004, 20 Harv. L. Rev. 589. It is so generally treated in the business world, and no good reason is apparent why the law should not conform to business custom and usage. 22 Harv.L.Rev. 393; 24 Id. 603; 28 Id. 762; 29 Id. 158, 291, 838; 8 Columbia L.Rev. 391; 13 Id. 143.

297 N.W. at 722.

We agree with Decker that from the language of the UPA and _Gleason_ it is clear that a partnership is indeed a legal entity distinct from its partners. Therefore, a partnership has the capacity to sue in its own name.

Decker goes on to list some examples of other Montana statutes which show an intent by the Montana Legislature to treat the partnership as a distinct entity for the purposes of litigation. For instance, under § 25-5-104, MCA, a partnership may be sued in its own name. Also, § 25-35-505, MCA, provides that a partnership may sue in small claims court in its own name.

In light of the above discussion, this Court has little choice but to follow the clear intent of the Montana Legislature to treat partnerships as distinct entities with power to sue. It would be illogical and unfair to conclude that a partnership may own a claim but cannot enforce it; may own property but cannot protect it; may be sued but cannot sue; may sue in small claims court but not in Federal Court. The Montana Legislature should not be deemed to have acted so capriciously.

It is undoubtedly true, as Edison suggests, that the Montana Legislature could have enacted a statute permitting partnerships to sue in their own names. Conversely, it could have enacted a statute prohibiting a partnership from suing in its own name. The fact is that it did neither. In the absence of express guidance from the Legislature this Court must follow what we submit is the clear intent of the Legislature to treat partnerships as distinct entities with power to sue.

We find that under Montana law Decker has the capacity to maintain a suit against Edison in its own name and consequently we answer the certified question presented by the Ninth Circuit in the affirmative.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

8