THE BANK OF BUFFALO, Appellant, *v.* JOHN THOMPSON et. al., Respondents.

Defendant T., who was doing business in his own name, executed to plaintiff a mortgage conditioned for the payment of all notes, checks or bills of exchange thereafter " made, drawn,. indorsed or accepted " by T. and discounted by plaintiff for his benefit, and also for the payment of "all sums of money * * * which shall at any time be due or owing by him to said bank upon any account whatever." Subsequently, T. became a member of a firm, for which firm plaintiff discounted notes, made and indorsed by T. in the firm name. In an action to foreclose the mortgage, *held*, that the mortgage must be regarded as a commercial instrument, to be construed as it would ordinarily be understood by commercial men, and that while a partnership is not strictly a legal entity, distinguished from the individuals composing it, in commercial intercourse a firm is regarded as an entity or body distinguished from the individual members, and its obligations are not spoken of as those of any of its members; and so, that the mortgage secured only T.'s individual and personal obligation, and did not secure the paper sold.

(Argued April 21, 1890; decided April 29, 1890 )

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made January 11, 1889, which denied a motion for a new trial under section 1001 of the Code of Civil Procedure.

This was an action for the foreclosure of a mortgage.

The material facts are stated in the opinion.

*Spencer Clinton* for appellant. The case is one calling only for a construction of the mortgage in suit. The intention of the parties gathered from the whole instrument must prevail. (Thomas on Mort. 196 ; *F. N. Bank* v. *Tarbox*, 38 Hun, 57; 3 Black. Comm. 154 ; *Strong* v. *S. M. Ins. Co.*, 31 N. Y. 103 ; *In re Gray*, 111 id. 404.)

*Tracy C. Becker* for respondents.   The mortgage cannot be enforced as a security for the payment of the promissory notes or indebtedness of Reynolds, Thompson & Co. to the plaintiff.   (*F. N. Bank* v. *Tarbox*, 38 Hun, 57.)   The court below properly held as matter of law that the promissory notes of the firm of Reynolds, Thompson & Co. are not included within the terms of the mortgage.   The court below properly rejected parol evidence of a conversation which plaintiff attempted to show betwen the plaintiff's cashier, Cornwell, and the defendant Thompson.   (Thomas on Mort. 60 ; *Stoddard* v. *Hart*, 23 N. Y. 556 ; *Hubbell* v. *Blakelee*, 8 Hun, 603 ; *Taylor* v. *Post*, 30 id. 446, 449 ; *Bell* v. *Halford*, 1 Duer, 58 ; *Selchow* v. *Stymus*, 13 Wkly. Dig. 500.)

EARL, J.   On the 24th day of April, 1882, John Thompson was indebted to the plaintiff upon his individual promissory notes, and was then carrying on business in his own name, and in that way had dealings with the plaintiff.   On that day he executed to it a mortgage upon real estate situated in the city of Buffalo, conditioned as follows :

" Provided always, and these presents are upon this express condition, that if the said John Thompson, his heirs, executors or administrators, shall and do well and truly pay or cause to be paid unto the said The Bank of Buffalo or its assigns, the just and full sum of all promissory notes, checks or bills of exchange which have been or which shall at any time hereafter be made, drawn, indorsed or accepted by the said John Thompson and which have been or shall at any time be discounted by the said Bank for his benefit, when and as the same shall become due and payable, and shall also pay upon demand any and all overdrafts made by him and all balances of account, and all sums of money which now are or shall at any time be due or owing by him to said bank, upon any account whatever; then this conveyance shall be void ; otherwise to remain in full force and virtue.   This mortgage being given and intended as a collateral and continuing security for the payment of all such indebtedness to the amount of seventy-five thousand dollars."

Subsequently to the execution and delivery of that mortgage Thompson continued his individual dealings with the plaintiff, and it discounted for his benefit many notes made or indorsed by him. Several years after the mortgage was given, Thompson formed a copartnership with three other persons, under the firm name of Reynolds, Thompson & Co., and the firm carried on the business under that name, and the plaintiff discounted for the firm several notes made and indorsed by Thompson in the firm name. The plaintiff claims that these firm notes are secured by the mortgage, and the defendants contend that they are not so secured, and their contention has been sustained by the court below, and mainly it is said, upon the authority of *First National Bank of Batavia* v. *Tarbox* (38 Hun, 57).

We think the court below properly construed the condition of the mortgage. It is clear that at the time of the execution of the mortgage, the parties did not contemplate any firm indebtedness, or any indebtedness of a firm of which Reynolds might be a member. The plaintiff was dealing with him individually, and it was obtaining security for his individual and personal obligations, and a fair construction of the language shows that it was intended to secure such obligations and such only. The language is broad and general, and carefully framed so as to make sure that all such obligations should be covered. In ordinary commercial language the obligation of a firm would not be spoken of as the obligation of any one of its members, and a firm is regarded as an entity distinguished from all the individual members of which it is composed. In Parsons on Partnership, 346, it is said : " A partnership is a legal body by itself. We do not say it is a corporation, because it wants some of the most essential elements of incorporation, but we say it is a body by itself, and is so recognized by the law for some purposes, and should be — always in a proper way, and to a proper degree — for all purposes ; and among these purposes is the placing of its relation to its creditors on the basis of contracting its own debts, and having its own creditors, and possessing

its own property, which it applies to the payment of its debts."
It was held in *Fitzgerald* v. *Grimmell* (64 Iowa, 261), that a
partnership under the statutes of that state was a legal entity,
known to and recognized by law. It is probably the most
accurate to say that a partnership is not strictly a legal entity,
distinguished from the individuals composing it. (Lindley on
Partnership [2d Am. ed.], 5 ; *Faulkner* v. *Hyman*, 142 Mass.
53.) In Lindley on Partnership, page 110, it is said : " Part-
ners are collectively a firm. Merchants and lawyers have
different notions respecting the nature of a firm. Commercial
men and accountants are apt to look upon a firm in the light
in which lawyers look upon a corporation, *i. e.*, as a body dis-
tinct from the members composing it, and having rights and
obligations distinct from those of its members. Hence, in keep-
ing partnership accounts the firm is made debtor to each partner
for what he brings into the common stock, and each partner is
made debtor to the firm for all that he takes out of that stock.
In the mercantile view partners are never indebted to each
other in respect of partnership transactions, but are always
either debtors to or creditors of the firm." But this, the
learned author says, is not the legal notion of a firm, and that
the firm is not recognized by lawyers as distinct from the
members composing it.

This mortgage must be regarded as a commercial instru-
ment, executed in commercial transactions, and must be con-
strued as ordinary commercial men would understand the
language used ; and we think that among business men a dis-
tinction is made between the firm, as an entity, and the mem-
bers who compose it, and that this language would not be
understood as broad enough to cover the indebtedness of a
firm of which Thompson was a member, and for whose debts,
jointly with the other members of the firm, he could be made
responsible.

We are, therefore, of opinion that the judgment below was
right and should be affirmed.

All concur.

Judgment affirmed.