STATE EX REL. D. M. GILMORE COMPANY v. DISTRICT COURT OF HENNEPIN COUNTY AND ANOTHER.[1]

October 8, 1920.

No. 22,008.

**Workmen's Compensation Act — accident to relator's teamster let under contract — statutory definition.**

Relator, who let its rig, team and teamster to do hauling at stipulated monthly payments out of which relator paid the teamster weekly wages, is responsible to the teamster, under the Workmen's Compensation Act, for an accident occurring to the teamster while so hauling for the one to whom he was let.

Upon the relation of D. M. Gilmore Company the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable Charles S. Jelley, one of the judges thereof, to review the judgment of that court in a proceeding under the Workmen's Compensation Act brought by Mabel Mattson, widow of Fred Mattson, employee, against D. M. Gilmore Company, employer. Affirmed.

*John F. Bernhagen,* for relator.

*Charles S. Allbright,* special agent, department of labor and industries, for respondent.

HOLT, J.

Certiorari to review a judgment in a claim under the Workmen's Compensation Act.

The facts were for the most part stipulated. The D. M. Gilmore Company and the McArdle Gilmore Company are Minnesota corporations doing business in Minneapolis. J. K. Gilmore is the president and principal stockholder of each corporation. On October 1, 1911, a contract was made between the two corporations, whereby, for a specified monthly

[1] Reported in 179 N. W. 216.

payment, the D. M. Gilmore Company let to the McArdle Gilmore Company a rig, team and teamster, one Fred Mattson, who then was and for many years previously had been in the employ of the D. M. Gilmore Company. While so engaged hauling for the McArdle Gilmore Company, Mattson was accidentally killed. At that time D. M. Gilmore Company was receiving $200 per month under said contract for the use of the rig, team and Mattson, out of which it paid Mattson a weekly wage of $19.50. The court found that there was no contract of hire between Mattson and the McArdle Company, but that such contract existed between him and the D. M. Gilmore Company, and that he was the employee of the last named company when he met death in an accident arising out of and in the course of his employment. Judgment was awarded against the D. M. Gilmore Company.

The claim is made that the McArdle Gilmore Company is the only one liable under the act, because the accident arose out of and in the course of its business. In the absence of statutory provision fixing the party responsible, there would be much force to relator's contention, but subdivision d, section 8230, G. S. 1913, reads: "The term 'employer' as used herein shall mean every person not excluded by section 8 [8202], who employs another to perform a service for hire, and to whom the 'employer' directly pays wages." The contract of employment was between the D. M. Gilmore Company and Mattson and the wages agreed upon were paid him directly by that company weekly. This by the plain language of the statute fixes the responsibility of employer upon the D. M. Gilmore Company as far as Mattson and his dependents are concerned. The legislature, no doubt, intended to place the burden for accidental injuries upon the business in the conduct of which the accident occurs, but, to avoid disputes and uncertainties as to the one directly responsible to the employee, the above definition was incorporated in the law. And in the light thereof the conclusion may well be reached that the D. M. Gilmore Company made teaming for the McArdle Company part of its business when it hired out its team and teamster for that purpose.

The stipulated facts do not demand a finding that the McArdle Company employed Mattson or that the accident to him did not arise out of

or in the course of his employment as the servant of the D. M. Gilmore Company.

The judgment is affirmed.