# INGABORG ERICKSON AND OTHERS v. EDWARD KIRCHER AND OTHERS.[1]

June 25, 1926.

No. 25,386.

**Jurisdiction of Industrial Commission limited to relation of employer and employe, subcontractor was the employer and he was independent contractor.**

Record examined; *held*:

(1) Upon the facts stated in the opinion it could not be said that there was a conspiracy to escape the burdens imposed by the Compensation Act.

(2) Before the Industrial Commission may make an award the relation of employer and employe must be established.

(3) That the employer was an independent contractor.

(4) That the subcontractor and not the general contractors was the employer.

(5) The commission properly declined jurisdiction of questions not involved in the relation of employer and employe under the contract of employment and the compensation law which is made a part thereof.

Workmen's Compensation Acts, C. J. p. 47 n. 34; p. 50 n. 62, 63; p. 114 n. 11.

---

See 28 R. C. L. 760; 4 R. C. L. Supp. p. 1846; 5 R. C. L. Supp. p. 1560. See 28 R. C. L. p. 762; 4 R. C. L. Supp. p. 1847; 5 R. C. L. Supp. p. 1561.

*Charles L. De Reu*, for relator.

*Campbell & Burness* and *Ware & Melrin*, for respondents.

WILSON, C. J.

Certiorari to review an order of the Industrial Commission denying compensation.

[1]Reported in 209 N. W. 644.

Kircher Brothers were the contractors for the construction of Judicial Ditch No. 15 of Renville county. The Federal Surety Company was their surety in the sum of $35,000. About one year after the contract was let Kircher Brothers sublet to one B. H. Malmgren a portion of the work pursuant to a written contract which was substantially in the same terms as the general contract. Malmgren undertook to furnish all labor and material incident to the construction of that portion embraced in his contract with certain exceptions. He furnished Kircher Brothers a $7,000 bond conditioned for the faithful performance by him of his contract. The Grant County State Bank held a chattel mortgage for $3,100 on a ditching machine owned by Malmgren. A. W. Wells and S. F. Tomlin, officers of the bank, became sureties for Malmgren on his bond. Malmgren assigned to the bank the proceeds of his contract with Kircher Brothers with the understanding that all moneys received thereunder should first be credited to his personal checking account with the bank and that he should at all times be permitted to draw against his account for labor and material to be furnished under said contract, including his living expenses. It was agreed that the balance was to be applied upon his indebtedness to the bank. With this understanding between all the parties Kircher Brothers remitted direct to the bank and the money was used pursuant to said arrangement.

In doing the work Malmgren employed Howard Erickson who suffered death in the course of the employment. Kircher Brothers carried a policy of workmen's compensation insurance, covering its employes, with the London Guaranty & Accident Company, Ltd. Relator seeks to hold Kircher Brothers, the two insurance companies mentioned, and Malmgren liable under the Workmen's Compensation Act. Malmgren alone admits his liability as the employer. The Industrial Commission found the other parties not liable. The commission denied relator's application to make the bank and its two officers parties herein upon the claim that they were liable.

1. It is asserted by relator in the brief that the arrangement between these parties was a scheme or device to relieve the original contractor from the burden of insurance premiums and it is said

that the subcontractor was insolvent and that he, the contractor, the bank and its said officers entered into a conspiracy so that the party primarily liable under the Compensation Act would be financially irresponsible and thereby escape the burdens imposed by the Compensation Act. The proof however is insufficient to justify this assertion. It follows that the application to bring in additional parties was properly denied.

2. Contracts of employment by virtue of the Compensation Act contain an implied provision that the employer, in case the employe is injured, will pay to him compensation. The commission is given power to make an award but before this can be done the relation of employer and employe must be established.

3. In order to escape the consequences of decedent being an employe of Malmgren an effort is made to show that he was not an independent contractor but merely an agency of Kircher Brothers. The effort fails. The record clearly establishes, beyond controversy, that he was an independent contractor. The contractual requirement that the work should be under the supervision of the engineer does not make him the agent of Kircher Brothers who were requiring the subcontractor to do the work as they themselves had contracted to do. What the general contractor expected and required was that the subcontractor do the work to suit the county for whom the engineer was acting. This was safer than to require it to be done to suit themselves.

4. The principal question in the case is: Who was the employer of decedent? G. S. 1923, § 4326 (d), says that: "The term employer as used herein shall mean every person * * * who employs another to perform a service for hire and to whom the 'employer' directly pays wages." No one can become the employe of another without the consent of the other. The relation of employer and employe is contractual. State ex rel. v. District Court, 147 Minn. 12, 179 N. W. 216; Arterburn v. Redwood County, 154 Minn. 338, 191 N. W. 924; Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Ledoux v. Joncas, 163 Minn. 498, 204 N. W. 635. Upon the facts in this case it was clearly the duty of the commission to find as it

did that Kircher Brothers were not the employers of the decedent.

5. G. S. 1923, § 9700, specifies that the contractor's bond shall include insurance premiums. The relator sought to have the Industrial Commission say that this statute, with the provisions of G. S. 1923, § 6690, under the terms of the general ditch contract and the law applicable thereto, requires the contractor to carry compensation insurance. If there is any such liability upon this theory it would be in the jurisdiction of the courts and not the Industrial Commission which is limited to the relation of employer and employe under the contract of employment and the compensation law which is made a part thereof. The commission properly declined jurisdiction of the question.

Affirmed.