# SYNNEVA ANGELL v. WHITE EAGLE OIL & REFINING COMPANY AND ANOTHER.[1]

## November 19, 1926.

## No. 25,575.

**Meaning of "employer" and "employe" as used in compensation act.**

1. As used in the Workmen's Compensation Act, the term "employer" means a person who employs another to perform a service for hire, to whom he pays wages directly; and the term "employe" means a person in the service of another under any contract of hire.

**Members of partnership may become individual employes of their employer.**

2. A partnership is not a legal entity. The members thereof may become the individual employes of a person who hires them to perform services for him.

**Employe paid by commissions earned within scope of compensation act.**

3. An employe who receives compensation for his services in the form of commissions instead of wages is within the scope of the compensation act.

**Relator's husband an employe.**

4. Construing a written contract, it is *held* that relator's husband was not an independent contractor but an employe or servant of the corporation he served.

Independent, 31 C. J. p. 473 n. 24.
Partnership, 30 Cyc. p. 423 n. 92.
Workmen's Compensation Act, — C. J. p. 46 n. 28; p. 47 n. 33, 34; p. 50 n. 63; p. 51 n. 64.

---

See note in L. R. A. 1916A, 115, 246; L. R. A. 1918D, 145; L. R. A. 1918F, 201; 28 R. C. L. 760 et seq.
See notes in 15 A. L. R. 1288; 25 A. L. R. 376; L. R. A. 1918F, 204; 28 R. C. L. 764; 4 R. C. L. Supp. 1847; 5 R. C. L. Supp. 1561.

[1]Reported in 210 N. W. 1004.

Certiorari to review the order of the Industrial Commission denying compensation in a proceeding under the Workmen's Compensation Act. Reversed.

*Perl W. Mabey, H. O. Chommie* and *Hugo V. Koch*, for relator.

*Ernest E. Watson,* for respondents.

LEES, C.

While delivering gasolene and oil for the White Eagle Oil & Refining Company, Carl Angell was accidentally injured. The injuries caused his death and his widow and children seek to recover compensation from the oil company and its insurer. There was a hearing before a referee, who found that Angell was an employe of the oil company and sustained an injury arising out of and in the course of his employment which caused his death. On appeal, the Industrial Commission found that Angell was not an employe of the oil company and denied compensation. The widow sued out a writ of certiorari to review the decision of the commission.

Whether Angell was an employe of the oil company at the time of his injury is the only question to be determined. The answer depends largely on the construction of a written contract with the oil company to which Angell was a party. The contract names the oil company as the party of the first part and Angell & Ness as party of the second part, and the following provisions thereof are pertinent: The first party agrees to "employ" the second party as "agent and salesman" at Thief River Falls, under the terms and conditions set forth in the contract. The second party is to receive and unload the first party's products shipped to Thief River Falls and sell and deliver the greatest possible amount thereof at prices named by the first party. All moneys received must be deposited in a bank designated by the first party. Sales are to be made for cash only and must be reported every Wednesday and Saturday on forms furnished by the first party, the reports to be accompanied by remittances. On the last day of each month the second party is to furnish the first party with an inventory of all merchandise on hand at that time. The second party is to furnish the necessary

teams, motive power, drivers and extra labor required to unload and deliver the merchandise shipped and to pay the expense of making sales, deliveries and collections. Liability insurance on all trucks and cars used in conducting the business, and "workmen's compensation insurance" on all persons employed by the second party must be carried, the insurance to be secured by the first party and charged to the second party at cost. The second party must furnish a surety bond for the faithful performance of the contract and to protect the first party against the loss of money or merchandise received. In consideration of the fulfilment of the contract, the first party agrees to pay the second party certain specified sums per gallon for kerosene, gasolene and lubricating oils sold. For "any overt act deemed by first party to be detrimental to its interest, second party may be removed from said agency without notice," and at the option of either party the contract may be terminated upon 30 days' notice to the other party.

In rendering its decision, the commission said that it appeared that Angell & Ness were copartners and entered into the contract and carried on the business as copartners until the partnership was dissolved by Angell's death; that the nature of the relation between the partners and the oil company was the test of liability; and that the question was one of law. This is the correct view of the situation, and we proceed to the consideration of the contract. In doing so, we take into account the circumstances under which it was made and the manner in which the parties dealt with each other thereafter.

The evidence shows that Angell & Ness furnished the capital of the copartnership in equal shares and divided the profits equally. Ness had charge of the oil company's station at Thief River Falls and Angell made sales and deliveries in the surrounding territory. The oil station and all the equipment used in conducting the business was owned by the oil company except the chassis of two trucks and some office furniture. These were owned by Angell & Ness. The oil company paid the taxes, insurance premiums, freight charges, water rates and furnished light and heat. During the busy season

Angell & Ness employed and paid an extra man to drive a truck or work around the station. Save as provided in the contract, they were free to discharge their duties in their own way. The amount of their compensation depended wholly on their success in disposing of the oil company's products.

Respondents contend that, to entitle Angell's dependents to compensation, the existence of the relation of employer and employe must be established, Erickson v. Kircher, 168 Minn. 67, 209 N. W. 644, and that Angell was not an employe but an independent contractor. The term "employer," as used in the act means a person who employs another to perform a service for hire and to whom the employer directly pays wages, G. S. 1923, § 4326(d); and the term "employe" includes every person in the service of another under any contract of hire, express or implied, oral or written. G. S. 1923, § 4326(g2).

It is argued that because Angell & Ness received their pay in commissions, and because they bore to one another the relation of copartners, Angell was not an employe.

A partnership is not a legal entity. In law it has no existence distinct from the persons who compose it. Dun. Dig. § 7347. As respects the right to take and convey title to real property, this doctrine has been modified in some respects by the Uniform Partnership Act. See §§ 1, 8 and 10, (G. S. 1923, §§ 7389, 7391 and 7393). We see no reason for holding that the members of a copartnership cannot be the employes of one who hires them to perform services for him. By the express terms of the contract in question, the oil company employed Angell & Ness as its agents and salesmen. The two men employed agreed to share the duties of the employment and divide their earnings. As to each other they were partners, but this did not change their relations with the oil company. See Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40.

The fact that they received a definite portion of the receipts from the sales they made instead of a fixed daily or weekly wage is not determinative of the question. Payment by commissions is the

equivalent of the payment of wages, provided there is a "contract of hire." Any other holding would exclude from the benefits of the compensation act the hundreds of employes who work on a commission basis as for example commercial travelers who are paid a commission on their sales in lieu of wages. 1 Honnold, Workmen's Compensation, p. 214.

Respondents contend that, laying aside the partnership relation between Angell & Ness and viewing the contract as one entered into with Angell individually, he was an independent contractor because the oil company could not control his acts in respect to the transaction out of which the injury arose and that this is the test which this court has adopted. State v. District Court, 128 Minn. 43, 150 N. W. 211; Herron v. Coolsaet Bros. supra.

Considering the nature of the services rendered and the provisions of the contract, we hold that the oil company had the power to control Angell & Ness in the performance of their duties as fully as though they were traveling salesmen employed to sell the oil company's products. Such salesmen are held to be within the protection of the compensation act. State v. District Court, 139 Minn. 205, 166 N. W. 185, 3 A. L. R. 1347; State v. District Court, 141 Minn. 61, 169 N. W. 274; Stansberry v. Monitor S. Co. 150 Minn. 1, 183 N. W. 977, 20 A. L. R. 316.

This court has not attempted to frame a definition of the term "independent contractor," but has referred with approval to the definition given in 1 Shearman & Redf. Negligence, § 164, viz: One who undertakes to do a specific piece of work for another without submitting himself to the other's control in the details of the work, or one who renders the service in the course of an independent employment, representing the will of his employer only as to the result of his work and not as to the means by which it is accomplished. Waters v. Pioneer F. Co. 52 Minn. 474, 55 N. W. 52, 38 Am. St. 564. See Dun. Dig. § 5835; Herron v. Coolsaet Bros. supra; and Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N. W. 421. As we read the contract, Angell & Ness were bound to use the means to accomplish their work which the oil company required them to

use. They submitted themselves to the company's control in certain details of the work. They did not undertake to do a specific piece of work for the company. We hold that they were not independent contractors but employes.

The decision of the commission is reversed with directions to award compensation to Angell's dependents. One hundred dollars attorneys' fees is allowed to the relator.