## JOHN H. STUCKY v. INDEPENDENT SCHOOL DISTRICT NO. 77, GOODHUE COUNTY, AND ANOTHER.[1]

November 23, 1928.

No. 26,931.

**Relator was not an employe.**

> The relator, one of a copartnership furnishing the materials and doing certain work for the defendant school district, was injured. The school district did not supervise or direct the doing of the work. The commission found that the copartnership was an independent contractor and the relator not an employe of the school district within the meaning of the compensation act. *Held* that the finding is sustained by the evidence.

Workmen's Compensation Acts—C. J. § 114 p. 115 n. 37.

Certiorari to review an order of the industrial commission denying compensation to John H. Stucky for injuries received while working on a school building of the defendant school district. Affirmed.

*P. E. Sargent,* for relator.

*B. Burness* and *W. J. Connolly,* for respondent school district and Standard Accident Insurance Company, its insurer.

DIBELL, J.

Certiorari on the relation of John H. Stucky to review the order of the industrial commission denying him compensation under the workmen's compensation act for an injury sustained while working upon a school building of the defendant school district.

The relator, Stucky, with one Merrill Feigal constituted the copartnership of Pine Island Hardware Company. In 1927 it was necessary to reshingle one of the school buildings in Pine Island and to install gutters. One Nolan was engaged to furnish the material and do the reshingling. The Pine Island Hardware Company was engaged to do the guttering. Both jobs were worked together.

[1]Reported in 221 N. W. 911.

When in the progress of the shingling it became convenient or necessary to do the guttering it was done by the hardware company. The work was intermittent. The hardware company had in their employ a tinner, and one or the other of the copartners acted as helper when occasion required. In this case it was Stucky. His finger was injured, an infection resulted, and he was partially disabled for some weeks. The school district paid the reasonable value of the materials and labor. It exercised no supervision over the work. None was needed.

The commission found that the hardware company was an independent contractor and not an employe of the school district. Its finding is sustained. State ex rel. D. M. Gilmore Co. v. District Court, 147 Minn. 12, 179 N. W. 216; Arterburn v. County of Redwood, 154 Minn. 338, 191 N. W. 924; Schoewe v. Winona P. & G. Co. 155 Minn. 4, 191 N. W. 1009; Erickson v. Kircher, 168 Minn. 67, 209 N. W. 644; 6 Dunnell, Minn. Dig. (2 ed.) § 10395. It is not to be understood that the members of a copartnership may not be the individual employes of another. We have held that they may be. Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004; Herron v. Coolsaet Bros. 158 Minn. 522, 198 N. W. 134; Benson v. County of Marshall, 163 Minn. 309, 204 N. W. 40. But here the hardware company was, under the finding of the commission and perhaps as a matter of law, an independent contractor and Stucky not an employe of the school district within the definition of G. S. 1923, § 4326.

Order affirmed.