## MARY TSCHIDA v. OSCAR BRATT AND OTHERS.[1]

January 24, 1930.

No. 27,559.

*Maugridge S. Robb,* for relators.
*Eugene M. O'Neill* and *H. J. Flynn,* for the city of St. Paul.
*McDonough & Diehl,* for respondent.

HILTON, J.

Certiorari to review the decision of the industrial commission awarding compensation for the death of Michael Tschida to his widow, his sole dependent.

The deceased died as a result of accidental injuries received on October 11, 1928. The accident arose out of and in the course of his employment. At the time Tschida received the injuries he was driving a street flusher, owned by the city of St. Paul, to which was attached a team of horses, which with the harness thereon was owned by appellant Bratt. The parties against whom the claim was made are Bratt, his insurer, and the city of St. Paul. The

[1]Reported in 228 N. W. 935.

award of the referee (later affirmed by the commission on appeal) was against the first two. The city of St. Paul was held not to be Tschida's employer. The only question here involved was whether Tschida was employed by Bratt or by the city of St. Paul.

The evidence that was introduced at the hearing before the referee was used by the commission on appeal, no additional evidence being taken. From it the referee made findings of fact which were adopted by the commission as its own. The evidence supporting such findings will be briefly recited.

Bratt was and had been for a number of years a teaming and trucking contractor in St. Paul. At the opening of the spring season a foreman of the city department of public works called Bratt on the telephone and notified him that the city was willing to accept teams, harnesses, and drivers for the flushing work under the usual contract price of $1.05 per hour. Bratt accepted the terms (as he had done on previous years) and furnished Tschida as driver and the horses and harness. The practice was for Tschida to go to Bratt's yard, take the team and harness assigned to him, attach them to one of Bratt's wagons and proceed to the city's equipment yard and there unhitch the horses from the wagon and hitch them to one of the city's flushers. After the work each day was completed Tschida would take the outfit to the city's yard, unhitch the horses from the flusher, hitch them to the wagon and return them to Bratt's yard. While the flushing work was being done a city official or employe directed Tschida where and when to use the apparatus. Such details of directing did not make the city Tschida's employer. O'Rourke v. Percy Vittum Co. 166 Minn. 251, 207 N. W. 636, and cases cited.

Tschida did not appear on the city's payroll and was never paid any money by the city, nor did he expect to be so paid. The city did not come within the definition of "employer" as found in G. S. 1923 (1 Mason, 1927) § 4326(d), which reads:

"The term 'employer' as used herein, shall mean every person not excluded by section 8, who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and

shall include any person or corporation, co-partnership or association or group thereof, and shall include state, county, village, borough, town, city, school district and other public employers."

The city paid Bratt for the services rendered, and he in turn paid Tschida one-half of the amount so received. On the day in question, while the team and flusher were being used, they were hit by an automobile with the resulting injuries to Tschida, from which he died.

The city made no arrangements with Tschida and had no contract with him. It did not consent to be his employer. The relation of employer and employe is contractual. Bratt did not contract to furnish Tschida; he could at any time have used another man as driver so far as the city was concerned. Tschida's name was not on the list of the civil service bureau as an eligible employe. Bratt carried compensation insurance which covered Tschida. The city did not have the right to discharge him. If dissatisfied with his work, the course open to the city would have been to notify Bratt thereof and call for a different driver or cancel the contract. Bratt, under the facts in this case, was an independent contractor. 4 Dunnell, Minn. Dig. (2 ed.) § 5835, and cases cited. On the propositions of law here involved the following cases are determinative: Meyers v. Tri-State Auto. Co. 121 Minn. 68, 140 N. W. 184, 44 L.R.A.(N.S.) 113; Chapman v. Peoples Ice Co. 125 Minn. 168, 145 N. W. 1073; State ex rel. D. M. Gilmore Co. v. District Court, 147 Minn. 12, 179 N. W. 216; Arterburn v. County of Redwood, 154 Minn. 338, 191 N. W. 924; Edelbrock v. M. St. P. & S. S. M. Ry. Co. 158 Minn. 25, 196 N. W. 807; Antonelly v. Adam, 175 Minn. 438, 221 N. W. 716; Stucky v. Independent School Dist. No. 77, 175 Minn. 547, 221 N. W. 911; 6 Dunnell, Minn. Dig. (2 ed.) § 10395. The cases cited by relator can readily be distinguished from the facts here and are not authorities adverse to the conclusions reached.

In reviewing the action of the commission we must take the facts to be as found by that body unless they are clearly and manifestly contrary to the evidence. Where the evidence is conflicting as to any issue of fact and reasonable minds could reach different con-

clusions after a consideration of the evidence and the inferences that may be fairly and reasonably drawn therefrom, this court will not disturb the findings of the industrial commission. 1 Dunnell, Minn. Dig. (2 ed.) § 411, and cases cited. We find no difficulty in sustaining the decision of the commission.

Affirmed.