IRENE JANOSEK v. FARMERS CO-OPERATIVE CREAMERY COMPANY AND ANOTHER.[1]

February 13, 1931.

No. 28,300.

*W. J. Giberson,* for relators.

*G. W. Mantor,* for respondent.

HOLT, J.

Certiorari to review a decision of the industrial commission awarding compensation for accidental injury.

Respondent worked as a bookkeeper and in other capacities in the office of the relator creamery company. In attempting to hang a sign in the office she stood on a chair, lost her balance, and wrenched

[1]Reported in 234 N. W. 870.

her knee. She became disabled. That the commission could find that this disability resulted from an accidental injury arising out of and in the course of the employment is really not controverted and could not well be. We are also of opinion that the disability now present is traceable to the accident mentioned.

But relators contend that the evidence does not warrant the finding that respondent was an employe of relator creamery company. The contention is based upon this situation: For several years back relator creamery company, a co-operative corporation, has employed a manager and a buttermaker, each of whom now receives a salary of $125 per month, and together receive a half cent per pound of the butter marketed, they paying other help needed. It appears under this arrangement that each earns something over $4,300 a year. Respondent was hired by the manager, who paid her bimonthly half of the agreed wages, and the buttermaker half. Another worker in the creamery was similarly hired and paid wages. It appears that no one was hired, laid off, or discharged without the approval of the board of directors of the creamery company. That respondent took orders from the manager does not signify much, for to anyone working in the creamery the manager thereof would be the one in command. The manager testified he "would not think of hiring a girl without consulting the board— could not do it." And the situation was the same in hiring or laying off help in the manufacturing part of the business. The directors' testimony was to the same effect, one of them stating that the buttermaker or manager would jeopardize their own employment should either undertake to engage an objectionable person to assist in the work. We think the evidence warrants the commission in concluding that neither the manager nor buttermaker were independent contractors, but that they were mere servants of the creamery company, under the control of the board of directors of the company at all times and dischargeable at any time at the pleasure of the board. Such was the understanding of both relators, for workmen's compensation insurance was carried by the creamery as to the manager, buttermaker, and respondent.

It is not to be denied that the commission could have found that respondent was the employe of the manager and buttermaker, but under the evidence the finding made seems more in consonance with the purpose of the workmen's compensation act. It was in the conduct of the business of relator creamery company that all who labored in the creamery proper and in the office were engaged. Each one was necessarily working under the control of the creamery company; the manager and buttermaker were its servants. The method of paying the help was no doubt adopted for the convenience and benefit of the creamery company.

Relators cite and rely on Arterburn v. County of Redwood, 154 Minn. 338, 191 N. W. 924; Zarns v. Swanville S. S. Assn. 177 Minn. 462, 225 N. W. 448; Charpentier v. Cumming, 178 Minn. 519, 227 N. W. 663; Tschida v. Bratt, 179 Minn. 277, 228 N. W. 935. In all except the Arterburn case, 154 Minn. 338, 191 N. W. 924, the findings of the court or commission as to the relation of employe and employer were sustained. None of the decisions mentioned nor any case therein cited furnish support for the contention that the commission's finding that respondent was an employe of relator creamery company when she received the accidental injury is not sufficiently supported. In the Arterburn case, 154 Minn. 338, 191 N. W. 924, the finding that he was employed by the county was held not sustained, but there is this difference: No agent or officer of the county knew that Arterburn was hauling gravel or had made any arrangement with him to work. In the case at bar the manager of the creamery hired respondent to work therein with the knowledge and approval of the board of directors. Respondent cites no very helpful case. Workmen's compensation acts of the different states vary from our own. The following tend in some measure to justify the assailed finding: State ex rel. Gaylord F. C. C. Assn. v. District Court, 128 Minn. 486, 151 N. W. 182 (the amount of pay an employe drew did not measure the compensation, since out of it he was to pay a helper); Wyant v. Douglas Coal Co. 122 Kan. 469, 252 P. 237; Opitz v. Hoertz, 194 Mich. 626, 161 N. W. 866. In the last cited case there was more reason for claim-

ing the defendants independent contractors than for the claim here that the manager and buttermaker were, but the supreme court reversed the finding that they were such.

The findings are supported and the decision is affirmed.