# ROBERT GLEASON v. MYREL SING.[1]

May 2, 1941.

No. 32,742.

[1]Reported in 297 N. W. 720.

*G. P. Mahoney* and *John S. Morrison,* for appellant.
*S. Bernhard Wennerberg,* for respondent.

JULIUS J. OLSON, JUSTICE.

In an action to recover damages for personal injuries and damage to plaintiff's truck in a collision upon a public highway in Chisago county between a truck owned and operated by plaintiff and one owned by defendant and operated by one Mickelson, defendant appealed from an order granting plaintiff's motion to strike certain portions of his answer as frivolous.

The complaint is the conventional one in respect to defendant's claimed negligence, and damages are sought on the basis of an owner's liability under 3 Mason Minn. St. 1940 Supp. § 2720-104, providing that whenever any motor vehicle is operated upon our highways "by any person other than the owner, with the consent of the owner express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof."

Defendant's answer admits his ownership of the truck and that it was being operated by Mickelson "at the time mentioned" in the complaint, but he specifically denies that the collision was "due to or occasioned by any negligence on the part of" Mickelson or defendant. All other averments in the complaint are denied, and, in addition, he avers that if plaintiff suffered any personal injuries or damages to his truck as a result of the collision "the same were caused or contributed to, either wholly or in part, by his [plaintiff's] own negligence." Then follow the allegations of the answer stricken, which may be thus summarized: At the time and place of collision Mickelson was employed by a copartnership consisting

of defendant and three other persons, doing business as Star Construction Company; that plaintiff and Mickelson were both engaged in the performance of their work for the construction company; that plaintiff, Mickelson, and the construction company were all subject to the provisions of the workmen's compensation act; that the injuries suffered by plaintiff were caused either wholly or in part by the negligence and want of care of plaintiff's fellow servant (Mickelson) while both were engaged in due course of business of the company, in furtherance of a common enterprise, and in the accomplishment of the same or related purpose; that plaintiff thereafter instituted proceedings before the industrial commission and obtained compensation and medical and hospital benefits from the company and its insurer; that plaintiff is still receiving such benefits; and that thereby plaintiff has exercised an irrevocable option to take under the compensation law and "is now barred and concluded from proceeding at law to recover damages for such alleged injury against this defendant, or any other person."

Important to note is the fact that there is no claim made that defendant was the employer of plaintiff or that he or the driver of his truck was insured or self-insured. Thus the only question presented is whether L. 1937, c. 64, § 5(2), 3 Mason Minn. St. 1940 Supp. § 4272-5(2), permits the bringing of a negligence action in the circumstances related. If that question is answered in the affirmative the order must be sustained; otherwise reversed.

■ 3 Mason Minn. St. 1940 Supp. § 4272-5(2), so far as here material, provides:

"Where an injury or death for which compensation is payable is caused under circumstances also creating a legal liability for damages on the part of any party other than the employer, * * * or where said party or parties other than the employer are not insured or self-insured at time of such injury * * *, legal proceedings may be taken by the employe * * * against such other party or parties to recover damages, notwithstanding the payment

by the employer or his liability to pay compensation hereunder, but in such case, if the action against such other party or parties is brought by the injured employe * * * and a judgment is obtained and paid or settlement is made with such other party, either with or without suit, the employer shall be entitled to deduct from the compensation payable by him the amount actually received by such employe."

Defendant cites and relies upon 1 Mason Minn. St. 1927, § 4291, and Behr v. Soth, 170 Minn. 278, 212 N. W. 461. Plaintiff, on the other hand, called attention to the fact that this section was repealed more than three years before the present cause arose (L. 1937, c. 64, § 10) and for that reason Behr v. Soth is no longer an authority upon which the immunity claimed by defendant can come into play.

The court in its memorandum, after reciting § 4272-5(2), thus states its reasons for granting plaintiff's motion:

"The construction company was insured but Sing [defendant] and the driver of his truck were not insured, hence they could be sued notwithstanding plaintiff had been drawing compensation from the insured, the construction company. There is no allegation that either Sing or the driver of his truck was insured. * * * There was no such provision as above in the Compensation Act at the time Behr v. Soth, 170 Minn. 278 [212 N. W. 461], was decided, hence that case is not in point."

That case is also distinguishable from the present one in that there both plaintiff and defendant, including the city by whom both were employed, were all subject to part 2 of the compensation act. Here, defendant individually owned the offending truck. He was not plaintiff's employer, and neither he nor his driver was insured or self-insured. True, the copartnership of which he was a member was within the act, as was also his driver, Mickelson, and plaintiff; but that did not constitute him in his individual capacity plaintiff's employer within 1 Mason Minn. St. 1927, § 4326(d), which defines an "employer" as the one "who employs another to

perform a service for hire and to whom the 'employer' directly pays wages, and shall include any person or corporation, co-partnership or association or group thereof." Only the partnership was plaintiff's employer.

While a copartnership at common law was not considered a distinct entity from the partners composing it, the modern tendency is the other way, *i. e.*, to treat a partnership as an entity distinct from and independent of the individuals composing it. 20 R. C. L. p. 804, § 6, and cases under note 16. That notion has grown in popularity and has been confirmed in many situations so as to be recognized as "the oneness of any somewhat permanently combined group without the aid of law." *Id.* p. 805. The uniform partnership act (2 Mason Minn. St. 1927, §§ 7384-7428) has wrought decided changes in the common-law conception of such organizations, as was pointed out in Windom Nat. Bank v. Klein, 191 Minn. 447, 254 N. W. 602. There is a tendency to treat a partnership as an entity under our bankruptcy act. *Cf.* Loomis v. Wallblom, 94 Minn. 392, 396, 102 N. W. 1114, 69 L. R. A. 771, 3 Ann. Cas. 798; Angell v. White Eagle O. & R. Co. 169 Minn. 183, 210 N. W. 1004; 20 Harv. L. Rev. 589. It is so generally treated in the business world, and no good reason is apparent why the law should not conform to business custom and usage. 22 Harv. L. Rev. 393; 24 *Id.* 603; 28 *Id.* 762; 29 *Id.* 158, 291, 838; 8 Columbia L. Rev. 391; 13 *Id.* 143.

It is well to remember also that liability under the compensation act arises by virtue of a contractual relationship between the employer and the employe. Here we have no such contract between plaintiff and defendant. Plaintiff was hired, paid, and insured by the partnership only. It was his employer, not defendant. In that situation, the partnership's liability under the act was not dependent upon negligent conduct on its part as the employer. If plaintiff suffered "injury * * * caused by accident arising out of and in the course of the employment," he was, as a matter of law, entitled to the benefits and advantages provided

by the act. These obligations were cast upon the employer and its insurer, and they as such must meet them. Lewis v. Connolly Contracting Co. 196 Minn. 108, 111, 112, 264 N. W. 581, 583.

■ Third-party liability has for its basis tortious conduct on the part of one who is not the employer resulting in harm to the injured workman. The amount of recovery is measured by the common-law standard of damages, except as otherwise provided by L. 1937, c. 64, § 5(1), 3 Mason Minn. St. 1940 Supp. § 4272-5(1). The employer's liability under the compensation act, on the other hand, is not based upon negligence but depends upon whether the workman suffered an injury "caused by accident arising out of and in the course of the employment." Where the employer-employe relationship exists, the rights and liabilities of the parties are not determined by the common-law rule of damages but by the standards fixed by the compensation act. It is a contractual relationship implemented by the act. McGough v. McCarthy Imp. Co. 206 Minn. 1, 5, 287 N. W. 857. Cf. Hartford Acc. & Ind. Co. v. Schutt Realty Co. 210 Minn. 235, 297 N. W. 718.

■ We think it is apparent that the present act recognizes and preserves the common-law liability resting upon a third party's negligence in cases of this nature. Therefore, receipt of compensation by the injured employe does not deprive him of his right of recovery upon the facts here shown. Guile v. Greenberg, 192 Minn. 548, 555, 257 N. W. 649. The court was right in granting plaintiff's motion, and its order is affirmed.