[1] Reported in 39 N.W.2d 893.
Certiorari to the industrial commission to review an order denying compensation for injury.
The facts are not in dispute. On January 28, 1947, Perry A. Pederson sustained an injury to his right eye, as a result of which he became totally disabled for a period of six and five-sixths weeks. The accident occurred while he was working at the Morgan Park Sales Service, which was a partnership formed in January 1946 by Pederson and one Therian Bratt. It sold gas, oil, tires, and accessories, repaired cars, and maintained a service truck.
An oral agreement was entered into between the partners that each would own 50 percent of the assets, consisting of buildings, repair equipment, service truck, supplies, and accessories. It was agreed that each would draw $150 per month from the receipts, and the rest was to be put back into the business. The same amount each month was withdrawn by each partner, whether the profits were more or less than the $150 withdrawals. There were no deductions from the $150 for social security. Both partners discussed major purchases; each wrote checks on the partnership account. Two employes were hired — one full-time and the other part-time. Each partner worked 12 hours a day, taking every other Sunday off. Pederson did most of the mechanical work, while Bratt attended to the service station. *Page 462 
The question presented for decision is: Was Pederson an employe of Morgan Park Sales Service within the purview of the workmen's compensation act? The industrial commission decided in the negative.
1. This case is one of first impression in Minnesota. The decisions in other jurisdictions have not been in agreement, but the great weight of authority is that a partner is not an employe of a partnership. Ellis v. Ellis [1905] 1 K. B. 324; Cooper v. Industrial Acc. Comm. 177 Cal. 685, 171 P. 684; Rockefeller v. Industrial Comm. 58 Utah 124, 197 P. 1038; Millers' Ind. Underwriters v. Patten (Tex.Civ.App.)238 S.W. 240; LeClair v. Smith, 207 App. Div. 71, 202 N.Y. S. 514; Matter of Lyle v. Lyle Cider Vinegar Co. 243 N.Y. 257,153 N.E. 67, 47 A.L.R. 840; Wallins Creek Lbr. Co. v. Blanton,228 Ky. 649, 15 S.W.2d 465; In re Montgomery Son,91 Ind. App. 21, 169 N.E. 879; Chambers v. Macon Wholesale Grocery Co.334 Mo. 1215, 70 S.W.2d 884; Dezendorf v. National Cas. Co. (La.App.) 171 So. 160; U.S. F. G. Co. v. Neal, 188 Ga. 105,3 S.E.2d 80; Rasmussen v. Trico Feed Mills, 148 Neb. 855,29 N.W.2d 641; cf. Bank of Buffalo v. Thompson, 121 N.Y. 280,24 N.E. 473; Hartigan v. Casualty Co. of America,227 N.Y. 175, 124 N.E. 789; Nevills v. Moore Min. Co. 135 Cal. 561,67 P. 1054.
Decisions to the contrary are Ohio Drilling Co. v. State Industrial Comm. 86 Okla. 139, 207 P. 314, 25 A.L.R. 367[2]; Ardmore P. O. Products Co. v. State Industrial Comm.109 Okla. 81, 234 P. 582.
The denial of compensation to partners is usually based on the theory that (Cooper v. Industrial Ace. Comm. 177 Cal. 685,687, 171 P. 684, 685):
"The Workmen's Compensation Act clearly does not contemplate such a mixed relation as that existing between partners, wherein each member of the partnership is at the same time principal and agent, master and servant, employer and employee; and wherein each, in any services he may render, whether under his general *Page 463 
duty as a partner or under a special agreement for some particular service, is working for himself as much as for his associates in carrying on the business of the firm."
The decisions denying recovery take the position that under the provisions of the compensation act the partnership relationship is not consistent with the relation of master and servant or employer and employe.[3]
Our statute, M.S.A. 176.01, subd. 5, provides:
"The term 'employer' means every person who employs another to perform a service for hire and to whom the 'employer' directly pays wages, and includes any person, corporation, copartnership, or association, or group thereof, * * *." (Italics supplied.)
Subd. 8(2) defines an "employe" as:
"Every person in service of another under any contract ofhire, expressed or implied, oral or written, * * *." (Italics supplied.)
Liability under our act is based on a "contract of hire" between the employer and employe. Arterburn v. County of Redwood, 154 Minn. 338, 191 N.W. 924; Ledoux v. Joncas,163 Minn. 498, 204 N.W. 635; Erickson v. Kircher, 168 Minn. 67,209 N.W. 644; McGough v. McCarthy Imp. Co. 206 Minn. 1,287 N.W. 857. In Schneider v. Salvation Army, 217 Minn. 448, 450,14 N.W.2d 467, 468, we stated:
"The terms 'employer' and 'employe,' as so defined, are manifestly complementary, and, in general, may be said to apply to the conventional relationship of employer and employe. 71 C. J., Workmen's Compensation Acts, § 159. Under the statutory definitions, a contract of hire, either express or implied, is essential to the existence of the relationship; without such contract, no benefits can accrue to an injured workman under the act." (Italics supplied.) *Page 464 
Hence, the act covers only those who stand in the relationship of employer-employe. Angell v. White Eagle O. R. Co.169 Minn. 183, 210 N.W. 1004; Donaldson v. William H. B. Donaldson Co. 176 Minn. 422, 223 N.W. 772; Jackson v. Cathcart 
Maxfield, Inc. 201 Minn. 526, 277 N.W. 22; Arterburn v. County of Redwood, 154 Minn. 338,191 N.W. 924; McGough v. McCarthy Imp. Co. 206 Minn. 1, 287 N.W. 857; see, Gleason v. Sing,210 Minn. 253, 257, 297 N.W. 720, 722; Schneider v. Salvation Army, 217 Minn. 448, 14 N.W.2d 467. The proposition is clearly stated in the McGough case (206 Minn. 5,287 N.W. 860):
"The rights and obligations created by the compensation act are contractual. The rights granted and the obligations imposed necessarily rest upon the statute and are limited as granted or imposed by it. Tierney v. Tierney Co. 176 Minn. 464,223 N.W. 774. Hence it follows that the employer's liability has for its foundation the existence of employer-employe relation."
Furthermore, the requirement of the employer-employe relationship underlies the holdings in the line of cases dealing with the question of whether, prior to L. 1947, c. 197, an officer of a corporation was an employe performing services for the corporation under a contract of hire[4] and the line of cases dealing with the question of whether *Page 465 
the injured worker was an employe or an independent contractor,[5] cases in which this court established certain factual tests for determining the existence of the employer-employe relationship.
2. Even if we should apply the tests laid down in the officer-employe and independent-contractor-employe cases to the problem here presented, we cannot say that the partnership was an employer as to Pederson, since indicia of an employer-employe relationship, on which liability attaches, do not exist. Pederson owned 50 percent of the assets and received half the net profits of the business despite the fact that the partnership agreement called for $150 withdrawals per month by each partner. Major decisions were to be based on the joint agreement of Pederson and Bratt; checks were to be drawn *Page 466 
by them on the partnership account; services were to be performed by each pursuant to the partnership agreement. Obviously, neither could be discharged by the other partner or by the partnership without dissolving the partnership.[6] The statute contemplates two parties — an employer and an employe — under a contract of hire. Where the facts indicate that the injured person is an employer as well as a worker, there can be no recovery. The act does not contemplate a dual status in one party. Rasmussen v. Trico Feed Mills, 148 Neb. 855,29 N.W.2d 641.
3. Relator contends that the partnership should be regarded as an entity so as to permit a partner to recover as an employe under the compensation act. The uniform partnership act, M. S. A. 323.01 to 323.43, treats a partnership as an entity for certain purposes. For instance, a partnership may take title to real estate and convey it in the firm name. § 323.07. A partnership may be sued in its own name. § 540.15. The bankruptcy act treats a partnership as an entity for certain purposes. See, Gleason v. Sing, 210 Minn. 253, 257,297 N.W. 720, 722; 20 Harv. L.Rev. 589. It is a recognized fact, in law, business custom, and usage, that the partnership is often regarded as an entity for the purposes of liability to third persons, §§ 323.12, 323.13; but, as to the rights and duties of the partners inter sese, the uniform partnership law treats the partnership as individuals dealing with each other, §§ 323.01
to 323.43. As said in the Rasmussen case (148 Neb. 857,29 N.W. [2d] 642):
"* * * The identity, powers, and liabilities of the partners are not lost in the partnership entity (Uniform Partnership Act, art. 3, § 67-301 et seq., R. S. 1943), and it is clear that the partnership contract is not with the entity, but with the individuals."
Thus, it would violate sensible rules of statutory construction to hold that in the case at bar the Morgan Park Sales Service partnership is an entity as an employer of Pederson, where the partnership *Page 467 
agreement between Pederson and Bratt has not created the incidents of the relationship of employer and employe.[7] Relator cites Keegan v. Keegan, 194 Minn. 261, 260 N.W. 318, and Gleason v. Sing, 210 Minn. 253, 257, 297 N.W. 720, 722, in support of his suggestion that this court has adopted the entity theory in regard to partnerships under the compensation act. Neither case involved the primary question of whether a partner was an employe within § 176.01, subd. 8. Relator is met at the very threshold of his contention by the overwhelming weight of authority to the effect that this contract of partnership did not create the relation of employer-employe. Hence, it is not a contract of hire as required by the act.
4. Relator also argues that, because the legislature amended L. 1947, c. 197, to include executive officers of corporations, after this court had held that the act did not cover corporate officers generally, the legislative silence on the coverage of partners in L. 1947, c. 197, is indicative of a legislative view that partners were covered by the existing act. The argument is not persuasive. To accept it would mean that all partners, whether they were working or not, whether they received wages or a share of the profits, would come within the provisions of the act. To reach such a result from the silence of the legislature would be mere speculation, not the exercise of logic or of any known rule of statutory construction.[8]
The decision of the industrial commission is affirmed and the writ discharged.
[2] This case has been criticized in U.S. F. G. Co. v. Neal,188 Ga. 105, 3 S.E.2d 80, and in Chambers v. Macon Wholesale Grocery Co. 334 Mo. 1215, 70 S.W.2d 884.
[3] See, especially, U.S. F. G. Co. v. Neal, 188 Ga. 105,3 S.E.2d 80; Ellis v. Ellis [1905] 1 K. B. 324; Cooper v. Industrial Acc. Comm. 177 Cal. 685, 171 P. 684; Matter of Lyle v. Lyle Cider Vinegar Co. 243 N.Y. 257, 153 N.E. 67,47 A.L.R. 840; Rasmussen v. Trico Feed Mills, 148 Neb. 855, 29 N.W.2d 641.
[4] Donaldson v. William H. B. Donaldson Co. 176 Minn. 422,223 N.W. 772; Erickson v. Erickson Furniture Co. 179 Minn. 304,229 N.W. 101; Benson v. Hygienic Artificial Ice Co. 198 Minn. 250,269 N.W. 460; March v. March Gardens, Inc. 203 Minn. 195,280 N.W. 644; Bendix v. The Bendix Co. 217 Minn. 439,14 N.W.2d 464; Korovilas v. Bon Ton Renovating Co. Inc. 219 Minn. 294,17 N.W.2d 502; Delaney v. Dan Delaney, Inc. 227 Minn. 572,36 N.W.2d 12. In the following cases it was assumed that an officer could be an employe: Donaldson v. William H. B. Donaldson Co. 176 Minn. 422, 223 N.W. 772; Erickson v. Erickson Furniture Co. 179 Minn. 304, 229 N.W. 101. But whether this was so depended upon the existence of the employer-employe relationship. Bendix v. The Bendix Co. 217 Minn. 439, 441,14 N.W.2d 464, 465, where the court stated:
"* * * It is difficult, if not impossible, to lay down a hard and fast rule that will obtain under all circumstances in determining whether such an officer is an employe. All the facts must be considered to determine whether the ordinary incidents of the employer-employe relationship exist. LeighAitchison, Inc. v. Industrial Comm. 188 Wis. 218,205 N.W. 806, 44 A.L.R. 1213. Consideration must be given to the degree of control exercised over the business, the actual business relations between the corporation and the officer, the type of services performed, the regularity thereof, the privileges indulged in with respect to working hours, the compensation received, whether the officer is subject to any control by the corporation in his activities, and other factors. Donaldson v. William H. B. Donaldson Co.supra."
[5] State ex: rel. Virginia R. L. Co. v. District Court,128 Minn. 43, 150 N.W. 211; Herron v. Coolsaet Bros. 158 Minn. 522,198 N.W. 134; Ledoux v. Joncas, 163 Minn. 498, 204 N.W. 635; Bosel v. Henderson Holding Co. 167 Minn. 72, 208 N.W. 421; Angell v. White Eagle O. R. Co. 169 Minn. 183, 210 N.W. 1004; Moore v. Kileen Gillis, 171 Minn. 15, 213 N.W. 49; Krause v. Bodin, 172 Minn. 467, 215 N.W. 838; Schonberg v. Zinsmaster Baking Co. 173 Minn. 414, 217 N.W. 491; Nesseth v. Skelly Oil Co. 176 Minn. 373, 223 N.W. 608; Lemkuhl v. Clark, 209 Minn. 276,296 N.W. 28; Byhardt v. Ballord, 209 Minn. 391,296 N.W. 504; Bolin v. Scheurer, 210 Minn. 15, 297 N.W. 106; Larson v. Le Mere, 220 Minn. 25, 18 N.W.2d 696. In the Nesseth case, this court, speaking through Mr. Chief Justice Wilson, declared (176 Minn. 374, 223 N.W. 608):
"There can no longer be any doubt but what the real test as to whether a person is an independent contractor or an employe is whether the asserted employer, under his arrangement with the other party, has or has not any authoritative control of the latter with respect to the manner and means in which and by which the details of work are to be performed." In the last analysis this test must always determine what was the essential nature of the relationship of the parties.
[6] But cf. Albertini v. Hull Lease, 54 Idaho 30, 28 P.2d 205, where the court had under consideration a mining partnership which, in the Rocky Mountain states, presents a different partnership arrangement.
[7] We have carefully examined the opinion in Finston v. Unemployment Compensation Comm. 132 N.J.L. 276, 39 A.2d 697, cited by relator on the oral argument, but we do not find that the determination of the issues there presented throws any light on the question here under consideration.
[8] At least three states have, by specific statutes, made working partners receiving wages, exclusive of profits, employes for the purposes of the act. Deering's Cal. Labor Code Ann. (1943) § 3359; Mich. St. Ann. (1945) (Reis) § 17.147; Nev. L. 1947, c. 168, § 10(d). Utah now permits partnerships to elect to carry compensation insurance on working partners. Utah Code Ann. (Supp. 1949) § 42-1-41(4). Prior to the amendments, California and Utah had held that a partner was not an employe. Cooper v. Industrial Ace. Comm. 177 Cal. 685, 171 P. 684; Rockefeller v. Industrial Comm. 58 Utah 124, 197 P. 1038. *Page 468