64 So.2d 770 (1953)
FINK
v.
FINK et al.
Supreme Court of Florida, Special Division B.
April 24, 1953.
*771 Hilton R. Carr, Jr., and Herbert A. Warren, Jr., Miami, for appellant.
Lawrence G. Lally, Miami, and Rodney Durrance, Tallahassee, for appellees.
THOMAS, Justice.
This appeal brings us for review an order of the circuit judge affirming one of the Florida Industrial Commission approving a denial by the Deputy Commissioner of the claim of the appellant to compensation for the death of her husband.
The facts are relatively simple and the question clear-cut.
Ballard E. Fink, appellant's husband, and Paul F. Lytton, formed a partnership to operate a salvage concern. The partners invested an equal amount in the enterprise; each drew from the partnership fund the same amount weekly; on those occasions when one partner needed additional money to meet some personal demand the other withdrew a like amount so that their respective accounts at all times balanced. Both contributed the same services to the business and, according to their original arrangement, any profits realized were to be equally divided.
The partners secured an insurance policy in accordance with the Florida Workmen's Compensation Act and in the insurance contract the names of the employers appeared as "Ballard E. Fink & Paul F. Lytton d/b/a MARRS MOTOR & SALVAGE COMPANY." From the undisputed testimony it appears that the premium paid for the policy was based on the estimated total of the employees' pay roll, and no part of it upon the amounts to be withdrawn by the partners.
While Fink was engaged in the business of the partnership he was killed.
The appellant insists that she as widow of the co-partner killed while performing work for the partnership could recover on the theory that her husband was an employee even though he was a member of the partnership. By the definitions in the Compensation Act, Section 440, Florida Statutes 1951 and F.S.A., an employee is a "person engaged in an employment under any appointment or contract of hire * * *," Section 440.02(2), and an employer, any "person carrying on any employment, * * *" Section 440.02(4). A "person" is an "individual, partnership, association or corporation * * *." Section 440.02 (5). Appellant argues that inasmuch as a partnership is there recognized as a legal entity, separate and distinct from its members, it is capable, as employer, of hiring one of its members to serve as an employee in his individual capacity. Because of this legal existence of the partnership, separate and apart from the members composing it, reasons the appellant, the relationship of employer and employee necessary to recovery by her is present.
The employer-employee relationship is implicit in the whole scheme of the Workmen's Compensation Law where there are to be found reciprocal rights and duties between the parties to what, we have held, "is a form of voluntary contract sanctioned by this law." Vanlandingham v. Florida Power & Light Co., 154 Fla. 628, 18 So.2d 678, 679. See also Hardware Mutual Casualty Co. v. Carlton, 151 Fla. 238, 9 So.2d 359.
We are unable to agree with appellant's position that a partnership is so separate and distinct from the persons comprising it that they, as partners, may be at once masters and servants. To agree would require too much emphasis on the term "partnership" after lifting it out of context. It is clear that a partnership may employ, but it does not follow that this definitive recognition gives it such a distinct status and so divorced from its components that it may be held to be authorized to hire its own members. From our study of the authorities on the subject we are convinced that it is the overwhelming view of the courts that a partner may not, as employee, be a beneficiary of the Act. Typical of these are the decisions in Chambers v. Macon Wholesale Grocer Co., 334 Mo. 1215, 70 S.W.2d 884; Pederson v. Pederson, 229 Minn. 460, 39 N.W.2d 893. These opinions harmonize with the early decision of the Court of Appeal, King's Bench Division, in Ellis v. Joseph Ellis & Co., 1 K.B. 324, 74 S. 718, 21 T.L.R. 182.
*772 It is true in some states a "working partner" receiving wages in addition to his share of the profits may be considered an employee but this is the result of statutory law and not judicial decision.
We decide that the mere inclusion of the word "partnership" in the definition of employers, quoted from the Act at the outset, does not warrant a construction that a partner may be an employee as well as an employer; consequently the order challenged is
Affirmed.
TERRELL, Acting Chief Justice, and SEBRING, J., and PATTERSON, Associate Justice, concur.